IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON,<br>*individually and on behalf of all others similarly situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:17-CV-111-RP |
| TEXAS FARM BUREAU BUSINESS CORP., et al., | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Jeffrey C. Manske, (Dkt. 97), concerning the Motions to Dismiss filed by Defendants Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company of Texas, and Texas Farm Bureau (collectively, the "TFB Defendants"), and Defendant Southern Farm Bureau Life Insurance Company ("SFB Life") (together, "Defendants"). (Dkts. 45, 49). Also before the Court are the Defendants' timely filed objections. (Dkts. 105, 106).

This case was referred to Magistrate Judge Manske for a report and recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

In his report and recommendation, Magistrate Judge Manske recommends that Defendants' motions be denied. (R. & R., Dkt. 97, at 15). Having considered the parties' submissions, the record, and the applicable law, the Court will adopt the report and recommendation.

1

# I. BACKGROUND

This case concerns alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by a handful of insurance companies. (Compl., Dkt. 1, at 1–2). Plaintiff Christopher Ferguson ("Ferguson") is an insurance agent who began working for one or more of the defendants in 2004. (*Id.* at 2). According to Ferguson, he was misclassified as an independent contractor from 2009 to 2013 and denied overtime premiums required by the FLSA. (*Id.*). Accordingly, Ferguson asserts a cause of action under the FLSA against each defendant for willfully failing to pay overtime premiums. (*Id.* at 18–19).

Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), in which they each argue that Ferguson's complaint fails to state a claim against them. (Dkts. 45, 49). Magistrate Judge Manske found that Ferguson's complaint was sufficient to state a claim with respect to his cause of action against each Defendant and recommended that the Court deny Defendants' motions. (R. & R., Dkt. 97, at 15). Defendants then timely filed objections to every part of the report and recommendation. (Objs., Dkts. 105, 106).

# II. LEGAL STANDARDS

*A. Federal Magistrates Act*

Under federal statute and the Federal Rules of Civil Procedure, magistrate judges may make findings and recommendations on dispositive motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are dispositive motions under the Federal Magistrates Act. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1)(A)). For dispositive motions, parties are entitled to *de novo* review of any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3).

*B. Federal Rule of Civil Procedure 12(b)(6)*

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiff's] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

Because Defendants timely objected to every part of the magistrate judge's report and recommendation, they are entitled to *de novo* review of the entire report and recommendation. Having conducted a *de novo* review of the record and applicable law, the Court agrees with the magistrate judge's factual findings and legal conclusions and adopts them as its own.

*A. The TFB Defendants' Motion*

The TFB Defendants raise several arguments. First, they argue that the FLSA does not protect business entities. (TFB Mem. Mot. Dismiss, Dkt. 46, at 4–5). Second, they argue that agency managers are independent contractors. (*Id.* at 5–11). Third, they argue that a two-year statute of limitations applies. (*Id.* at 11–13). The Court will consider each argument in turn.

1. FLSA Coverage

As the magistrate judge found, Ferguson did not contract with the TFB Defendants in his individual capacity; he signed a contract as president and sole shareholder of Chris Ferguson Insurance Services, Inc. (R. & R., Dkt. 97, at 5; *see also* TFB Contract, Dkt. 1-2). The TFB Defendants state that the FLSA does not protect him because he does not "have a direct relationship" with the TFB Defendants. (TFB Mem. Mot. Dismiss, Dkt. 46, at 5).

The Court agrees with the magistrate judge that the FLSA applies to Ferguson's relationship with the TFB Defendants. (*See* R. & R., Dkt. 97, at 5–8). As the magistrate judge pointed out, this Court has already rejected the argument that a person cannot be an employee for purposes of the FLSA simply because the putative employer acquired the person's labor through a contract with a business entity rather than the person. *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 515 (W.D. Tex. 2015).

The TFB Defendants' objections concerning the magistrate judge's reliance on withdrawn agency guidance and *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992), (TFB Obj., Dkt. 105, at 3–4), misread the magistrate judge's analysis. Ultimately, that analysis rests on the fact that the Fifth Circuit determines employee status on the basis of the economic realities of the parties' relationship. (*See* R. & R., Dkt. 97, at 7 (citing *Dyson*, 308 F.R.D. at 515–16); *see also Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) ("[T]he fact that they provided their own insurance coverage, listed themselves as self-employed on their tax returns, and had their own business cards and letterheads, does not tip the balance in favor of independent contractor status where, as here, the economic realities of the situation indicate that the employee depended upon the employer for his livelihood.")). As discussed in the next section, the Court agrees with the magistrate judge that Ferguson has alleged sufficient facts to plausibly allege employee status under the economic realities test.

## 2. Independent Contractors

The TFB Defendants also argue that Ferguson was an independent contractor as a matter of law. (TFB Mem. Mot. Dismiss, Dkt. 46, at 5–11). The Court again agrees with the magistrate judge's analysis. (R. & R., Dkt. 97, at 8–10). Ferguson has alleged facts relevant to the economic reality test's factors[1]: among other things, he alleges that he worked exclusively for the TFB Defendants for 12 years, that he was issued TFB business cards and a TFB email address, and that he was closely supervised by TFB management. (Compl., Dkt. 1, at 10–13). The TFB Defendants contest the weight of Ferguson's evidence, (TFB Mem. Mot. Dismiss, Dkt. 46, at 5–9), but the magistrate judge is correct that the Court cannot weigh the evidence or resolve fact disputes at this stage.

The TFB Defendants object that Ferguson has done no more than provide "naked, conclusory assertions" that are no more than "unadorned accusations of wrongdoing." (TFB Obj., Dkt. 105, at 5). The Court disagrees. Rather than merely allege that he is an employee, Ferguson has alleged a number of facts that could support the conclusion that he is an employee. (Compl., Dkt. 1, at 9–16). Ferguson is not required to make "detailed factual allegations," *Cuvillier*, 503 F.3d at 401; he must only allege enough facts to "raise a right to relief above the speculative level." *Id.* He has done so.

## 3. Statute of Limitations

Finally, the TFB Defendants argue that Ferguson has not pleaded facts sufficient to show a willful violation and that the two-year statute of limitations therefore applies. (TFB Mem. Mot. Dismiss, Dkt. 46, at 11–13). Among other things, Ferguson alleges that the TFB Defendants knew the FLSA's overtime rules and facts that would establish Ferguson's employee status under the

---

[1] To determine "whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself," courts look to "five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. . . . No single factor is determinative." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (citations omitted).

economic realities test. (R. & R., Dkt. 97, at 11). The magistrate judge found these allegations sufficient to state a plausible claim for a willful violation of the FLSA. (*Id.* at 11–12). The Court agrees.

The TFB Defendants' objections are unavailing. They point to three cases in which the Fifth Circuit or a district court found sufficient evidence to prove willfulness at trial, *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821–22 (5th Cir. 2003); at summary judgment, *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994); or to survive a motion for summary judgment, *Sealey v. EmCare, Inc.*, No. 2:11-CV-00120, 2013 WL 164040, at *4 (S.D. Tex. Jan. 14, 2013). None of these cases establish that certain evidence is necessary to prove willfulness and thus do not establish that Ferguson's allegations are insufficient to state a plausible claim for relief.

### B. SFB Life's Motion

SFB Life argues that Ferguson's claims against it should be dismissed because (1) Ferguson fails to adequately allege that he was jointly employed by SFB Life and the TFB Defendants and (2) Ferguson fails to allege that he was employed by or worked more than 40 hours for SFB Life. (SFB Mot. Dismiss, Dkt. 49, at 10–16).[2] The magistrate judge found that Ferguson adequately alleged an employment relationship with SFB Life and joint employment. (R. & R., Dkt. 97, at 12–14). The Court agrees.

Under the FLSA, an "employer" can be defined as two or more employers, *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983),[3] but when there is than one putative employer, a court "must apply the economic realities test to each individual or entity alleged to be an employer

---

[2] SFB Life also argues that it is not liable to Ferguson because SFB Life contracted with Christopher Ferguson Insurance Services, Inc., rather than with Ferguson directly. (SFB Mot. Dismiss, Dkt. 49, at 17–18). The Court disagrees with SFB Life's argument for the same reasons described above, *supra* at 3–4, and in the report and recommendation, (R. & R., Dkt. 97, at 5–8).

[3] Abrogated on other grounds by *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–135 (1988). *See Reich v. Bay, Inc.*, 23 F.3d 110, 117 n.4 (5th Cir. 1994) (recognizing abrogation).

and each must satisfy the . . . test." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). Then, "if the facts establish that the employee is employed jointly by two or more employers . . . all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the [FLSA]." 29 C.F.R. § 791.2(a). A person is jointly employed by two or more employers if the employment by one employer "is not completely disassociated from employment by the other employer." *Id.* Thus, if Ferguson adequately alleged that he was jointly employed by the TFB Defendants and SFB Life, then his hours worked for all defendants are aggregated for the purposes of determining whether he has plausibly alleged his FLSA claims against each defendant.

As the magistrate judge described, Ferguson alleges a number of facts suggesting that his work for the TFB Defendants is not completely disassociated from his work for SFB Life. Ferguson alleges that SFB Life shared a number of officers and directors with the TFB Defendants. (Compl., Dkt. 1, at 7). Ferguson alleges that the defendants collectively required him to sign a contract with SFB Life. (*Id.* at 5). He also alleges that SFB Life is identified as a TFB insurance company on the TFB website and letterhead. (*Id.* at 3).

Ferguson also alleges a number of facts relevant to the economic realities of his relationship with SFB Life. (R. & R., Dkt. 97, at 13). The Court agrees with the magistrate judge's determination that these allegations go beyond mere conclusory allegations and suffice to state a plausible claim for relief.

Accordingly, SFB Life's argument that Ferguson failed to allege that he worked more than 40 hours per week for SFB Life, (SFB Mot. Dismiss, Dkt. 49, at 15–17), is unpersuasive. Having adequately alleged joint employment, Ferguson can allege that his hours worked for all joint

employers collectively exceeded 40 hours per week. 29 C.F.R. § 791.2(a). As the magistrate judge found, he has done so. (R. & R., Dkt. 97, at 14).[4]

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Magistrate Judge Manske's report and recommendation, (Dkt. 97), is **ADOPTED**. Defendants' Motions to Dismiss, (Dkts. 45, 49), are **DENIED**.

**SIGNED** on March 20, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] SFB Life objects that Ferguson fails to allege how much overtime he worked with sufficient precision. (SFB Obj., Dkt. 106, at 15–16). In support of its objection, SFB Life cites several nonbinding cases in which district courts rejected pleadings as too conclusory. (*Id.*). For example, SFB Life cites *Coleman v. John Moore Servs., Inc.*, No. CIV.A. H-13-2090, 2014 WL 51290 (S.D. Tex. Jan. 7, 2014), in which the plaintiff alleged that "'[during] one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours' and that during 'one or more weeks . . . Defendant failed to pay Plaintiff' the overtime rate." *Id.* at *4. Holding that "more is required of a plaintiff than an 'all purpose pleading template,'" the court dismissed the complaint. *Id.* Even if *Coleman* were binding, it would be distinguishable. Here, Ferguson has alleged an estimate of overtime hours particular to his case rather than merely reciting boilerplate elements of a FLSA claim. (*See* Compl., Dkt. 1, at 15 (alleging that Ferguson "typically worked over forty hours each workweek, with overtime hours estimated at a minimum of five hours during slow weeks to upwards of about 20 hours per week during busy weeks")). Again, Ferguson is not required to make "detailed factual allegations," *Cuvillier*, 503 F.3d at 401; he must only allege enough facts to "raise a right to relief above the speculative level." *Id.* This allegation is sufficient.

8