IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON, *individually and on behalf of all others similarly situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:17-CV-111-RP |
| TEXAS FARM BUREAU BUSINESS CORP., et al., | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Jeffrey C. Manske, (Dkt. 115), concerning Plaintiff Christopher Ferguson's ("Ferguson") Motion for Conditional Certification and Notice, (Dkt. 13). Also before the Court are the timely objections filed by Defendants Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company of Texas, and Texas Farm Bureau (collectively, the "TFB Defendants"), and Defendant Southern Farm Bureau Life Insurance Company ("SFB Life") (together, "Defendants"). (Dkts. 122, 123, 124).

This case was referred to Magistrate Judge Manske for a report and recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

In his report and recommendation, Magistrate Judge Manske recommends that the Court grant Ferguson's motion and conditionally certify the proposed class. (R. & R., Dkt. 115, at 25).

Having considered the parties' submissions, the record, and the applicable law, the Court will adopt the report and recommendation.

## I. BACKGROUND

This case concerns alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by a handful of insurance companies. (Compl., Dkt. 1, at 1–2). Ferguson is an insurance agent who has been working for the TFB Defendants since 2004. (*Id.* at 2). According to Ferguson, he was misclassified as an independent contractor from 2009 to 2013 and denied overtime premiums required by the FLSA. (*Id.*). Accordingly, Ferguson asserts a cause of action under the FLSA against each defendant for willfully failing to pay overtime premiums. (*Id.* at 18–19). Ferguson seeks certification of a collective action on behalf of "all current and former misclassified Agency Managers of Defendants," (*id.* at 2), who he says have been "subject to a uniform misclassification policy," (Mot. Class Cert., Dkt. 13, at 1). Ferguson filed his Motion for Conditional Certification and Notice on May 8, 2017. (Dkt. 13). Magistrate Judge Manske found sufficient grounds to conditionally certify Ferguson's proposed class and recommended that the Court grant Ferguson's motion. (R. & R., Dkt. 115, at 25). Defendants then timely filed objections to parts of the report and recommendation. (Objs., Dkts. 122, 123, 124).[1]

## II. LEGAL STANDARDS

*A. Federal Magistrates Act*

Under federal statute and the Federal Rules of Civil Procedure, magistrate judges may make findings and recommendations on dispositive motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Motions for class certification are dispositive motions under the Federal Magistrates Act. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1)(A)).

---

[1] Defendants asked for and received extensions of time to file their objections. (*See* Dkts. 116, 119 (requesting extensions); Text Orders dated December 20, 2017 (granting extensions)).

For dispositive motions, parties are entitled to *de novo* review of any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3).

## B. FLSA Conditional Certification

The FLSA permits a court to order an action to proceed as a collective action on behalf of others similarly situated. 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under Section 216(b) requires prospective claimants to opt in rather than opt out. *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)).

This Court uses the two-step approach from *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), to determine whether to certify a FLSA class of similarly situated individuals. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 512 (W.D. Tex. 2015) (noting that the majority of courts in the Fifth Circuit use the *Lusardi* approach to determine FLSA class certification). The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 (2003). At the notice stage, the district court decides whether notice should be given to potential class members based on the pleadings and affidavits. *Id.* "Because the court has minimal evidence, this determination is made using a fairly lenient standard" that "typically results in conditional certification of a representative class." *Id.* at 1214 (citation and internal quotation marks omitted). To satisfy that lenient standard, a plaintiff must provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* n.8 (citation omitted).

Potential class members are then given notice and the opportunity to opt in, and the action "proceeds as a representative action throughout discovery." *Id.* Later, at the decertification stage, when "discovery is largely complete and more information on the case is available, the court makes a

3

final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010).

### III. DISCUSSION

Defendants collectively objected to most of the magistrate judge's report and recommendation, and they are entitled to *de novo* review of those parts of the report and recommendation. Having conducted a *de novo* review of the record and applicable law where appropriate,[2] the Court agrees with the magistrate judge's factual findings and legal conclusions and adopts the report and recommendation in its entirety.

In adopting the magistrate judge's report and recommendation in full, the Court has considered and rejected each of Defendants' objections. Defendants each give considerable attention to the magistrate judge's use of the *Lusardi* approach rather than Rule 23. (TFB Obj., Dkt. 124, at 3–4; SFB Obj., Dkt. 122, at 4–9). The Court has already determined that the *Lusardi* approach is the proper vehicle for certifying FLSA collective actions, *see Dyson*, 308 F.R.D. at 512, and none of Defendants' arguments persuade the Court to proceed differently here.

SFB Life objects to sending reminder notices because it believes that the notices will harm its relationships with current agency managers. (SFB Obj., Dkt. 122, at 19). In light of the fact that Defendants themselves have made 80 agency managers aware of this action already, (*see* TFB Resp. Mot. Class Cert., Dkt. 65, at 1 n.1), the Court is not persuaded that the detriment to Defendants outweighs the benefits of a thorough notice procedure.

---

[2] No party objected to the magistrate judge's findings and recommendations concerning the following features of the proposed notice: (1) returning the consent forms to plaintiff's counsel rather than to the Court, (R. & R., Dkt. 115, at 16–17); (2) requiring Defendants to provide email addresses for potential class members, (*id.* at 17); (3) extending the time for Defendants to provide potential class members' contact information to plaintiff's counsel, (*id.* at 18); (4) the language concerning liquidated damages, (*id.* at 21–22); (5) including current agency managers in the scope of potential class members to receive notice, (*id.* at 22); (6) the proposed notice's anti-retaliation provision, (*id.* at 23); Defendants' requested additional language about legal counsel, (id. at 23); and (7) the language about taxing court costs, (*id.* at 23–24). (*See* Objs., Dkts. 122, 123, and 124). There being no objections to these portions of the magistrate judge's report and recommendation, the Court reviews them for clear error.

SFB Life objects that the proposed notice does not describe its defenses with enough specificity, pointing to another district court's holding that "notice to potential class members must contain a brief explanation of Defendants' bases for disputing liability." *Yaklin v. W-H Energy Servs., Inc.*, No. CIV.A. C-07-422, 2008 WL 1989795, at *4 (S.D. Tex. May 2, 2008). The brief description of Defendants' position is adequate and sufficiently neutral for purposes of this notice.

SFB Life objects that Ferguson has not met his burden to identify individuals who desire to opt in to this action. (SFB Obj., Dkt. 122, at 16 (citing *Clark v. City of Ft. Worth*, 800 F. Supp. 2d 776, 779 (N.D. Tex. 2011)). First, a number of district courts—including this one—have held that a plaintiff need not identify specific class members who desire to join the litigation at *Lusardi*'s notice stage. *Contreras v. Land Restoration LLC*, No. 1:16-CV-883-RP, 2017 WL 663560, at *6 (W.D. Tex. Feb. 17, 2017) (citing *Jones v. Cretic Energy Servs.*, LLC, 149 F. Supp. 3d 761, 768 (S.D. Tex. 2015) and *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008)). Even if Ferguson were required to identify specific individuals who desire to join this litigation, he has done so by acquiring consent forms from five former agency managers and one current agency manager. (SFB Resp. Mot. Class Cert., Dkt. 67, at 15).

The TFB Defendants object to the magistrate judge's recommendation that plaintiff's counsel be permitted to call potential class members for whom no email address is available to confirm receipt of the proposed notice because "there is no way to ensure" that plaintiff's counsel will only read from the approved script. (TFB Obj., Dkt. 124, at 10). The Court is not inclined to credit the TFB Defendants' concern when they have already unilaterally contacted dozens of potential class members about this litigation.

The TFB Defendants also object to referring to a three-year statute of limitations and liquidated damages in the notice because it would be expensive to file a motion for decertification at a later date. (*Id.*). In light of this order granting conditional certification, the decertification stage will

5

arrive regardless of the inclusion of these provisions. Because the Court has not decided either of these issues, it is appropriate for potential class members to be aware that Ferguson has alleged both to be true.

Finally, Defendants focus most of their objections on the differences between potential class members that they argue would require such a degree of individualized analysis that class certification is inappropriate. (TFB Obj., Dkt. 124, at 10–16, 17–18; SFB Obj., Dkt. 122, at 5–9). These objections are better suited for the decertification stage, after the parties have had an opportunity to conduct discovery and the Court has a fuller record on which to base its determination. As the Fifth Circuit has recognized, a court's review at the notice stage is "lenient" and requires only a finding that potential class members "were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214, 1214 n.8. The Court agrees with the magistrate judge's assessment that Ferguson's pleadings, along with the affidavits and other evidence presented, are adequate evidence at this early stage of common policies and practices relevant to determining whether Defendants were required to pay overtime wages to Ferguson and other agency managers. (R. & R., Dkt. 115, at 9–13).

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Magistrate Judge Manske's report and recommendation, (Dkt. 115), is **ADOPTED**. Ferguson's Motion for Conditional Certification and for Notice, (Dkt. 13), is **GRANTED**.

Accordingly, the Court **FURTHER ORDERS** as follows:

- The Court conditionally certifies the following class ("Class") for purposes of providing notice to potential class members and allowing potential class members to opt in:

6

> All former and current independent contractors of Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company of Texas, Southern Farm Bureau Life Insurance Company, and Texas Farm Bureau, who within the past three years have worked in the position of agency manager in the State of Texas.

- Ferguson's proposed notice ("Notice"), (Ex. 68, Dkt. 13-10), and reminder notice ("Reminder Notice"), (Ex. 69, Dkt. 13-10), are **APPROVED**. Plaintiff's counsel shall modify the Notice to inform potential class members that they "may contact any counsel of your choice and be represented in this case by that attorney." (Ex. 68, Dkt. 13-10, at 2).

- Within **14 days** of the date of this order, Defendants must provide Plaintiff's counsel with the full name, last known address, and email address of each Class member. If Defendants cannot provide a Class member's current email address, they must provide a current telephone number.

- After Defendants have complied with their obligation to provide Plaintiffs' counsel with contact information, Plaintiff's counsel must send the approved Notice form to all identified Class members by first-class mail and email (where available) within **ten days**. Plaintiff's counsel shall notify the Court once delivery of the Notice is complete.

- Class members may opt in to this collective action only if: (1) they have mailed, faxed or e-mailed their Consent Form to Plaintiff's counsel within **45 days** after the Notice and Consent Forms are transmitted by Plaintiff's counsel; or (2) they show good cause for delay.

- The parties shall confer within **14 days** after the entry of this order and file an agreed proposed script for the telephone calls authorized by this order. Upon the Court's approval of the script, Plaintiff's counsel may thereafter contact by telephone any Class member for whom no email address is provided by Defendants, but may do so only once and must adhere to the approved script.

- Plaintiff's counsel may send the approved Reminder Notice by first class mail and e-mail (if available) to any Class member who has not already returned his or her consent form by the **fifteenth day** before the close of the 45-day opt-in window.

- Within **seven days** of the date of this order, the parties shall submit to the Court a joint proposed scheduling order for the completion of discovery limited to the final certification or decertification of the conditionally certified class. The joint proposed order will include any discovery deadlines, a briefing schedule for Defendants' motion(s) to decertify the class, and, if necessary, a hearing on the decertification motion(s).

**SIGNED** on March 20, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE