IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON, *individually and on behalf of all others similarly situated,* | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:17-CV-111-RP-JCM |
| TEXAS FARM BUREAU BUSINESS CORP., et al., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiffs' Motion to Reconsider Plaintiffs' Objection and Motion to Strike Defendants' Improper Agency Manager Affidavits ("Motion to Reconsider"), (Dkt. 129), and the responses thereto, (Dkts. 134, 135). Plaintiffs urge the Court to reconsider its text order of March 21, 2018, in which the Court declared Plaintiffs' Objection and Motion to Strike Defendants' Improper Agency Manager Affidavits, (Dkt. 79), to be moot. For the reasons stated below, Plaintiffs' Motion to Reconsider is **GRANTED IN PART**.

## I. BACKGROUND

Plaintiff Christopher Ferguson filed this action on April 20, 2017, for alleged violations by his former employer of the Fair Labor Standards Act ("the FLSA"). (Compl., Dkt. 1, ¶ 1). He alleged that Defendants violated the FLSA by misclassifying Agency Mangers—individuals who helped Defendants sell insurance policies by recruiting and supervising individual insurance agents—as independent contractors and failing to pay them overtime. (*Id.* ¶¶ 2, 54–55). Plaintiff seeks to represent similarly situated Agency Managers and filed an FLSA class certification motion on May 8, 2017. (Mot. Cert. Class, Dkt. 13, at 1).

1

On June 21, 2017, the Texas Farm Bureau Defendants filed a response in opposition to Plaintiffs' motion for certification. (TFB Defs.' Resp., Dkt. 65). Attached to this response were approximately eighty fill-in-the-blank affidavits from Agency Managers that the Texas Farm Bureau Defendants included "in support of individualized analysis and independent contractor status." (TFB Defs.' Resp., Dkt. 65, at 1 n.1). Five days later, Defendants filed a motion for leave to file twenty additional affidavits. (TFB Defs.' Mot. Leave, Dkt. 75). On June 28, 2017, Plaintiff filed a motion to strike these affidavits and for a protective order. (Mot. Strike, Dkt. 79).

In that motion, Plaintiff argued that the affidavits attached to the Texas Farm Bureau Defendants' response were obtained by misleading the affiants regarding their rights—in particular, by telling affiants that signing an affidavit might effectively waive their right to later become a class member. (*Id.* at 5). Plaintiff also argued that the nature of the relationship between the affiants and Defendants creates a situation rife for coercion and inappropriate influence. (*Id.* at 6–7). Plaintiff asked the Court to strike the affidavits, require Defendants to seek prior Court approval for communications with Agency Managers regarding the lawsuit, and send a corrective notice regarding the affidavits to Defendants. (*Id.* at 7). Defendants responded that Plaintiff has failed to provide evidence that their contact was inappropriate or coercive. (TFB Resp. Mot. Strike, Dkt. 82, at 2).

On March 20, 2018, the Court entered an order adopting the report and recommendation of a magistrate judge and conditionally certifying Plaintiffs' proposed class. (Order, Dkt. 128). The next day, the Court entered a text order declaring Plaintiffs' Motion to Strike moot in light of the disposition of Plaintiffs' class certification motion. Plaintiffs subsequently filed the instant Motion for Reconsideration, which argues that the Motion to Strike was not rendered moot by the conditional certification of the proposed class and that evidence supports granting Plaintiffs the relief they sought in that motion. (Mot. Reconsider, Dkt. 129).

## II. STANDARD OF REVIEW

On April 14, 2017, the Fifth Circuit clarified when courts considering motions for reconsideration should apply Federal Rule of Civil Procedure 54(b) and when they should apply Rule 59(e). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Rule 59(e) governs motions to alter or amend a final judgment," while "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Id.* (internal quotation marks and citations omitted). This Court will therefore consider Plaintiffs' motion under Rule 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

## III. DISCUSSION

"A court may not limit communications 'without a specific record showing by the moving party of the particular abuses by which it is threatened.'" *Vogt v. Tex. Instruments Inc.*, No. 3:05-CV-2244-L, 2006 WL 4660133, at *3 (N.D. Tex. 2006) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)). "The 'mere possibility of abuses' does not justify routine adoption of a communications ban." *Id.* (quoting *Gulf Oil*, 452 U.S. at 104)). "While actual harm need not be proved to justify an order limiting class contacts, the movant must at least present evidence that a potential likelihood for serious abuse exists." *Id.* (internal citation omitted).

"Few courts have addressed how communications initiated by plaintiffs or their counsel to potential class members should be regulated during the interim period after suit has been filed, but before the court conditionally certifies a collective action or authorizes a notification pursuant to [29 U.S.C. § 216(b)]. *Id.* Generally speaking, "district courts enjoy wide latitude in managing complex litigation in general and class actions in particular." *Gates v. Cook*, 234 F.3d 221, 227 (5th Cir. 2000).

However, "courts should not *per se* prohibit precertification communications." *Vogt*, 2006 WL 4660133, at *4.

In support of their Motion to Strike, Plaintiffs first directed the Court to the approximately 100 fill-in-the-blank affidavits attached to the Texas Farm Bureau Defendants' response to the certification motion. (*See* Affs., Dkt. 65-3). The typed content of each of these affidavits appears to be identical. The beginning of the affidavit provides a space for the affiant to put their name and list the county in which they live. The first paragraph provides that "I have personal knowledge of the matters set forth in the Affidavit, unless otherwise stated," and that "[i]f called as a witness, I would be competent to testify to the matters in this Affidavit." (Davidson Aff., Dkt. 65-3, ¶ 1). The next paragraph provides:

> I have been advised that a lawsuit has been filed seeking to conditionally certify a class of Agency Managers like myself, claiming that Agency Managers have been improperly classified as independent contractors and not employees. I also understand that the lawsuit alleges that such Agency Managers who were allegedly improperly classified as independent contractors are entitled to overtime compensation for all hours worked over 40 per week going back a number of years. I was informed of my right to speak with an attorney and my right to decline to be interviewed by counsel for the Defendants. I have further been advised that as an Agency Manager, I am potentially a member of the class seeking to be conditionally certified. I submit this affidavit freely and without threat of coercion or reprisal.

(*Id.* ¶ 2). The affidavits then address some of the job qualifications and job duties Agency Managers. (*Id.* ¶ 3). The affidavits then address the Agency Manager's independent contractor status, stating

> Under my contracts, I agreed and intended to operate as an independent contractor whereby I was to provide the creative selling, professional counseling, and prompt and skillful service essential to the creation and maintenance of successful multiple-line companies and agencies. I determine the manner, means and methods by which I operate. While I do have production and sales goals, I do not consider those production and sales goals as creating an employment relationship with the Farm Bureau Defendants.

4

(*Id.* ¶ 5). Within the nine pages of the affidavit, three paragraphs provide space for the affiant to fill-in his own responses. These blanks ask for information including the affiant's name, years of experience, and amount of time with the business. (*Id.* ¶¶ 1, 3–4).

As the Court made clear at the hearing, while the Texas Farm Bureau Defendants' conduct is cause for serious concern on the part of the Court, it is not as egregious as the behavior referenced in many of the cases cited by Plaintiff. Certainly, the contact here has failed to meet the standard set in *Gulf Oil*, which governs when a Court may intervene in or prohibit communications between a party and potential class members. But, contrary to the suggestion of the Texas Farm Bureau Defendants' counsel at the hearing, *Gulf Oil* neither sets the standard for when a court may strike evidence submitted in opposition to a motion for certification nor limits or controls when a court may issue a corrective communication.

While the Court agrees with Plaintiffs that Defendants should have provided more information to potential class members regarding the potential effect signing an affidavit might have on their right to join the lawsuit, it concludes that Defendants' failure to do so, alone, does not warrant granting the relief Plaintiff requests. The disclosures made in the affidavit, if presented in the right way, could have been sufficient to advise potential plaintiffs of the impact on their rights. More worrying to the Court is whether the affidavits are reliable. Testimony at the hearing held on Plaintiffs' motion suggested that Defendants had not actually interviewed any agency managers, despite the affidavits' suggestion that they were based on an interview with Defendants' counsel. (*See, e.g.*, Davidson Aff., Dkt. 65-3, ¶ 2). At least one potential plaintiff indicated that the information in his affidavit was inaccurate when he signed and submitted it. For unknown reasons, he later requested that his affidavit not be included.

Given the disposition of Plaintiffs' Motion for Conditional Certification, the Court sees no need to strike the affidavits from the record. To that end, Plaintiffs' Motion to Strike is **DENIED**.

But the Court does deem it necessary to issue a corrective notice to potential Plaintiffs. In that respect, their Motion to Strike is **GRANTED**. Because the Proposed Corrective Notice filed by Plaintiffs is substantially overbroad, however, the parties are instructed to use the Corrective Notice accompanying this order.

## IV. CONCLUSION

Plaintiffs' Motion to Reconsider Plaintiffs' Objection and Motion to Strike Defendants' Improper Agency Manager Affidavits, (Dkt. 129), is **GRANTED IN PART**. Plaintiffs' Objection and Motion to Strike Defendants' Improper Agency Manager Affidavits, (Dkt. 79), is **GRANTED IN PART AND DENIED IN PART**, consistent with the terms of this order.

**SIGNED** on March April 2, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON,<br>*individually and on behalf of all others*<br>*similarly situated,* | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:17-CV-111-RP-JCM |
| TEXAS FARM BUREAU BUSINESS<br>CORP., et al., | § § § § | |
| Defendants. | § § | |

## **COURT-ORDERED CORRECTIVE NOTICE**

You are receiving this Court-Ordered Corrective Notice because Defendants Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company of Texas, Southern Farm Bureau Life Insurance Company, and Texas Farm Bureau (collectively, "Defendants") have represented to the Court that they approached you about signing an affidavit to assist them in this lawsuit, which you may or may not have signed.

This Corrective Notice is intended to eliminate any confusion created by Defendants' statements to you or the affidavit itself. Regardless of whether or not you signed an affidavit, you may still join this lawsuit, if you so choose.

The Court takes no position in this case. Please do not direct any questions regarding this lawsuit to the Court.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE