UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLYY SITUATED;<br>*Plaintiff*<br><br>VS<br><br>TEXAS FARM BUREAU, TEXAS FARM BUREAU BUSINESS CORPORATION, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU UNDERWRITERS, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY,<br>*Defendants* | § § § § § § § § § § § § § § § § § § § § | Case No. W-17-CV-00111-RP |

## ORDER

Before the Court is Plaintiffs' Motion to Continue Tolling of Statute of Limitations. ECF No. 114. For the reasons stated below, the undersigned **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Continue Tolling of Statute of Limitations.

### I. BACKGROUND

On April 20, 2017, Christopher Ferguson brought suit on behalf of himself and those similarly situated (hereinafter "Plaintiffs") to recover unpaid back wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA") against Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company, Texas Farm

1

Bureau ("TFB Defendants"), and Southern Farm Bureau Life Insurance Company ("SFB Life") (collectively "Defendants"). Compl. ¶1, ECF No. 1. Plaintiffs allege Defendants have violated the FLSA within the past three years by misclassifying their Agency Managers as independent contractors and not paying them for overtime hours worked. *Id.* ¶¶2–3. Specifically, Plaintiffs allege that they all "typically worked over forty hours each workweek, with overtime hours estimated at a minimum of five hours during slow weeks to upwards of [twenty] hours per week during busy weeks." *Id.* ¶56.

A. *Procedural History*

Pursuant to this action, on May 8, 2017, Plaintiffs filed a Motion for Conditional Certification as a FLSA Collective Action and for Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) ("Motion for Conditional Certification"). ECF No. 13. On May 31, 2017, in connection with Defendants' requests for extensions to respond to Plaintiffs' Motion for Conditional Certification, the undersigned ordered "that the statute of limitations for putative class members who have not yet filed a consent to join this action is tolled from May 25, 2017 until June 21, 2017." ECF No. 47. On December 11, 2017, the undersigned recommended granting the Motion for Conditional Certification, ECF No. 115, and Judge Pitman adopted the report and recommendation on March 20, 2018. ECF No. 129.

In connection with Plaintiffs' Motion for Conditional Certification, Plaintiffs also filed a Motion to Strike the Declarations that Defendants collected from existing Agency Managers and for a Protective Order to limit Defendants' communications with potential class members – about which Judge Pitman held an evidentiary hearing on July 13, 2017. The grounds for the motion to strike overlap with the justifications for the instant Motion. Pls.' Reply to SFB Life's Resp. at 1, ECF No. 120. Specifically, for example, Plaintiffs' contend that Defendants held a

meeting in which Defendants allegedly: 1) "threatened" the compensation and buyouts of agency managers; 2) suggested that receipt of class notice was imminent and that they should await notice; 3) suggested that the independent contractor agreement and receipt of a 1099 are outcome determinative; and, 4) the chilling effect of the form affidavits. Judge Pitman did not find Defendants' conduct to be as egregious as Plaintiffs contended and denied Plaintiff's requested relief. Instead, Judge Pitman required a brief corrective notice to be sent to putative class members clarifying that "[r]egardless of whether or not you signed an affidavit, you may still join this lawsuit, if you so choose." Order at 7, ECF No. 136.

Plaintiffs waited five months after filing the Motion for Conditional Certification before filing the instant Motion to Continue Tolling the Statute of Limitations for putative class members "from June 22, 2017 up to and including expiration of the class notice period ordered pursuant to Plaintiffs' Motion for Conditional Certification." Pls.' Mot. at 7, ECF No. 114.

## II. LEGAL STANDARD

The FLSA provides for a two-year statute of limitations and is extended an extra year for willful violations. 29 U.S.C. § 255(a). The limitations period for a plaintiff in a collective action under the FLSA runs until a plaintiff or putative class member opts-in by filing a Notice of Consent or files suit. 29 U.S.C. § 256. Equitable tolling of the statute of limitations can apply in FLSA cases. *See Holmberg v. Armbrecht*, 327 U.S. 392 397 (1946) ("This equitable doctrine is read into every federal statute of limitations."). The decision to allow equitable tolling of the statute of limitations rests in the discretion of the district court. *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 175 (5th Cir. 2000). However, the Fifth Circuit strictly construes the FLSA's limitations provision, allowing equitable tolling only if it is shown that a plaintiff "acted

diligently and the delay concerns extraordinary circumstances." *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005)); *Teemac*, 298 F.3d at 457. The doctrine applies in "rare and exceptional circumstances" and is available only when a plaintiff diligently pursues his rights. *Teemac*, 298 F.3d at 457 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)); *see also Caldwell*, 429 F.3d at 530 n.23. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Sandoz v. Cingular Wireless, LLC*, 769 F. Supp. 2d 1047, 1063 (W.D. Tex. 2010). "Courts may also grant equitable tolling when, 'despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Orozco v. Anamia's Tex-Mex Inc*, 3:15-CV-2800-L-BK, 2016 WL 6311237, at *1 (N.D. Tex. Oct. 6, 2016) (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)). "The party who invokes equitable tolling bears the burden of proof." *Teemac*, 298 F.3d at 457.

### III. DISCUSSION

Plaintiffs argue that with "the possibility that more time may pass before the Court rules on Plaintiffs' Motion for Conditional Certification, continued tolling of the statute of limitations is necessary to prevent the daily erosion of the overtime claims of potential opt-in Plaintiffs who are currently unaware of their rights under the FLSA . . . ." Pls.' Mot. at 4. Plaintiffs also argue that Defendants' misrepresentations to class members, as briefed in Plaintiffs' Motion to Strike Defendants' Improper Agency Manager Affidavits, "further justify the equitable tolling of putative class members' statutes of limitation." *Id.* Defendants argue that the "routine passage of time in the litigation" and "alleged misrepresentations" lacking factual and legal support do not

constitute the "extraordinary circumstances" that would justify equitable tolling. SFB Life Resp. at 2, ECF No. 117; TFB Defs.' Resp., ECF No. 118.

Recently, the Fifth Circuit has reiterated that equitable tolling "is a narrow exception . . . that should be 'applied sparingly.'" *See Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017). In order for the exception to apply, a plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citing *Menominee Indian Tribe of Wis. v. United States*, — U.S. —, 136 S.Ct. 750, 755, 193 L.Ed.2d 652 (2016) (internal quotation marks omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Notably, in both SFB Life and the TFB Defendants' responses, Defendants mentioned that Plaintiffs failed to meet their burden to identify any persons who would be in danger of being time barred or demonstrate that any putative opt-in plaintiffs diligently pursued their rights. SFB Resp. at 5, 8; TFB Defs.' Resp. at 5. Despite two opportunities to address these deficiencies, one chance in each reply brief, Plaintiffs' never acknowledge or respond to the shortcomings in the Motion. *See* Pls.' Reply, ECF Nos. 120, 121. Instead, Plaintiffs' reply briefs solely address Defendants' arguments that the Motion lacked factual and legal support of the alleged misrepresentations that would rise to the level of "extraordinary circumstances." *Id.*

Plaintiffs' have not identified any persons who would be in danger of being time barred and have not demonstrated that despite diligence in the pursuit of their rights, the potential opt-in plaintiffs have been unable to discover essential information regarding the existence of their own claims. *Sims v. Housing Authority of the City of El Paso*, 2010 WL 3221790, at *1 (W.D. Tex. Aug. 13, 2010) (citing *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)). For this reason alone, Plaintiffs' have not met their burden to invoke the Court's discretionary authority to toll

the statute of limitations. *Id.*; *Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 654 (W.D. Tex. 2010); *Solano v. Ali Baba Mediterranean Grill, Inc.*, 3:15-CV-0555-G, 2016 WL 808815, at *7 (N.D. Tex. Mar. 2, 2016); *Lee v. Metrocare Services*, 980 F. Supp. 2d 754, 770 (N.D. Tex. 2013).

Additionally, Plaintiffs' have not demonstrated that the defendants' actions rose to the level of an "extraordinary circumstance" that is also required for a plaintiff to carry their burden in a motion for tolling of statute of limitations. *See Teemac*, 298 F.3d at 457. Specifically, for example, Plaintiffs' contend that Defendants held a meeting in which Defendants allegedly: 1) "threatened" the compensation and buyouts of agency managers; 2) suggested that receipt of class notice was imminent and that they should await notice; 3) suggestion that the independent contractor agreement or receipt of a 1099 are outcome determinative; and, 4) the chilling effect of the form affidavits. Judge Pitman found that Defendants' conduct was not as egregious as Plaintiffs contended. Order at 5, ECF No. 136. Judge Pitman continued stating, "[w]hile the Court agrees with Plaintiffs that Defendants should have provided more information to potential class members regarding the potential effect signing an affidavit might have on their right to join the lawsuit, it concludes that Defendants' failure to do so, alone, does not warrant the relief Plaintiff requests." *Id.* Judge Pitman denied Plaintiffs' requested relief and instead only required a brief corrective notice to be sent to putative class members clarifying that "[r]egardless of whether or not you signed an affidavit, you may still join this lawsuit, if you so choose." *Id.* at 7.

The Court did not find Defendants' conduct to be as egregious as Plaintiffs' contended and importantly, it does not change the fact that the putative opt-in plaintiffs subject to the alleged misrepresentations were aware of their potential claims but did not opt-in to the suit. *See Sims v. Housing Authority of the City of El Paso*, 2010 WL 3221790, at *1 (W.D. Tex. Aug. 13,

2010).[1] However, the Court does note that courts in the Fifth Circuit have tolled statute of limitations for putative opt-in plaintiffs when the parties waited a lengthy period for the court to rule on a motion for conditional certification. *Compare Hernandez v. Caviness Packing Co.*, No. 2:07-CV-142-J, 2008 U.S. Dist. LEXIS 121617, at *5–6 (N.D. Tex. 2008) (tolling the statute of limitations "due to the delay in ruling on the Plaintiff's motion for class action" which was pending for nine months despite not finding "extraordinary circumstances"), *and Davis v. Flare Ignitors & Rentals, Inc.*, SA-11-CA-00450-OLG, 2012 WL 12539328, at *2 (W.D. Tex. Mar. 19, 2012) (holding that because the motion was pending for eight months, "the Court finds it equitable—and therefore orders—that the statute of limitations as it applies to any additional opt-in plaintiffs is tolled from the date on which this motion was filed, July 19, 2011."), *with Mejia v. Brothers Petroleum*, LLC, No. 12-2842, 2014 WL 3853580, at *2 (E.D. La. Aug. 4, 2014) (rejecting equitable tolling where court took five months to decide a motion for conditional certification), *and McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808–09 (S.D. Tex. 2010) (rejecting equitable tolling of FLSA claims when the motion for conditional certification was pending for six months).

Here, Plaintiffs' filed their Motion for Conditional Certification on May 8, 2017, ECF No. 13, and on March 20, 2018, Judge Pitman adopted the undersigned's report and recommendation granting conditional certification. ECF No. 129. As the parties waited ten and a half months, the Court finds that it is equitable to toll the statute of limitations up to the Court's granting of the Motion for Conditional Certification on March 20, 2018, but, as previously discussed, Plaintiffs have not carried their burden to justify tolling through the expiration of the class notice period. Accordingly, the undersigned **GRANTS** Plaintiffs' request that limitations

---

[1] *Escobedo v. Dynasty Insulation, Inc.*, 694 F.Supp.2d 638, 654 (W.D. Tex.2010); *Solano v. Ali Baba Mediterranean Grill, Inc.*, 3:15-CV-0555-G, 2016 WL 808815, at *7 (N.D. Tex. Mar. 2, 2016); *Lee v. Metrocare Services*, 980 F. Supp. 2d 754, 770 (N.D. Tex. 2013).

be tolled up to and including March 20, 2018, the date the Court granted the Motion for Conditional Certification, but **DENIES** Plaintiffs' request that limitations be tolled until the expiration of the class notice period.

### IV. CONCLUSION

After thoroughly reviewing the record, the undersigned **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Continue Tolling of Statute of Limitations. ECF No. 114.

**SIGNED this 6th day of April, 2018.**

_____
**JEFFREY MANSKE**
**UNITED STATES MAGISTRATE JUDGE**