**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER FERGUSON, individually** | § | |
| **and on behalf of others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL NO. 6:17-CV-00111-ADA-JCM** |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS FARM BUREAU, et. al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Defendants' Motion for Partial Summary Judgment on the Claims of Plaintiff Christopher Ferguson ("Defendants' Motion"), ECF No. 308. Also before the Court is Defendants' Motion for Hearing on Defendants' Motion, ECF No. 367. The Court has also considered all responses, replies, objections, and sur-replies (as applicable) to the previously listed Motions. For the following reasons, the undersigned **RECOMMENDS** Defendants' Motion be **DENIED** and Defendants' Motion for Hearing be **DENIED AS MOOT.**

1

# I.     <u>BACKGROUND</u>

This suit arises from alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), by Defendants. Pl.'s Compl. at 18−19, ECF No. 1. Plaintiffs[1] are a conditionally certified class of agency managers who worked for Defendants[2] between 2014 and 2017. Order Adopting R. & R. Granting Pl.'s Mot. to Certify Class at 6−7, ECF No. 128. Plaintiffs seek overtime compensation from Defendants under the FLSA, alleging that Plaintiffs were misclassified as independent contractors. Pl.'s Compl. at 2.

The present dispute primarily concerns several affirmative defenses raised by Defendants. Defendants seek summary judgment against the claims of the individual Plaintiff Christopher Ferguson under the affirmative defenses involving the so-called "white-collar" exemptions to the FLSA overtime requirements. *See* Defs.' Mot., ECF No. 308. This Court previously held that material issues of fact exist whether the white-collar exemptions apply to Plaintiffs. *See* R. & R. Denying Pls.' Mot. on White-Collar Exemptions at 15–21, ECF No. 352; Order Adopting R. & R. Denying Pls.' Mot. on White-Collar Exemptions, ECF No. 364.

# II.     <u>LEGAL STANDARD</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). A dispute is not genuine if the trier of fact could not, after an examination of the record, find for the nonmoving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986). The moving party bears the burden of showing that no genuine dispute of material fact

---

[1] The Court is using the term "Plaintiffs" for convenience. The term is not indicative of certification status.
[2] The Court is using the term "Defendants" for convenience to include both "Farm Bureau Defendants" (every Defendant besides Southern Farm Bureau) and Southern Farm Bureau. Defendants have largely responded jointly with respect to the germane Motions for Partial Summary Judgment. Should one party act independently from the other, they will be distinguished and referred to as "Farm Bureau Defendants" and "Southern Farm Bureau," respectively.

exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That said, the moving party can satisfy its burden either by producing evidence negating a material fact or pointing out the absence of evidence supporting a material element of the nonmovant's claim. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991). Throughout this analysis, the Court must view the evidence and all factual inferences in a light most favorable to the party opposing summary judgment. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

## III.   DISCUSSION

### A.  Defendants' Motion Should Be Denied Due to Material Issues of Fact (ECF No. 308).

Defendants move for summary judgment against Plaintiff Christopher Ferguson's claims on the basis of the white-collar exemptions to the FLSA overtime requirements. *See* Defs.' Mot. At issue is whether commission-based pay can be considered salary basis pay for the purpose of the white-collar exemptions to the FLSA and, if it can, whether Plaintiff's specific commission-based pay scheme meets the salary basis requirements.

The FLSA generally requires that employers pay overtime wages to employees who work more than 40 hours in a calendar week. 29 U.S.C. § 207(a)(1). Under the white-collar exemptions, however, administrative, executive, or highly compensated employees are not guaranteed overtime protections. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.601 (2004). Executive, administrative, and professional employees are exempt from overtime pay requirements under the FLSA if they satisfy: (1) a duties test; (2) a salary level test; and (3) a salary basis test. 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.100(a)(1), 541.200(b)(1), 541.601(b)(1) (2004). Plaintiff chooses to focus his response to Defendants' Motion solely on the salary basis requirement because it is both "straightforward and outcome-determinative." Pl.'s Resp. to Defs.' Mot. for Partial Summary Judgment on the Claims of Plaintiff Christopher Ferguson ("Pl.'s Resp.") at 7, ECF No. 322.

Under the salary basis test, administrative and professional employees must be paid on either a fee or salary basis to be exempt from overtime pay requirements under the FLSA. 29 C.F.R. §§ 541.200(b)(1), 541.601(b)(1) (2004). An executive employee must be paid on a salary basis to be exempt from FLSA overtime pay requirements. 29 C.F.R. § 541.100(a)(1) (2004). Defendants do not contend that Plaintiff Christopher Ferguson was paid on a fee basis but assert that he was paid on a salary basis for the purposes of the white-collar exemptions to FLSA overtime requirements. *See* Defs.' Mot.

Under the FLSA, an employee is paid on a salary basis "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). The Department of Labor clarified in an opinion letter the three critical elements to determine if compensation is on a salary basis: (1) regular receipt of (2) a predetermined amount that is (3) guaranteed.[3] The predetermined amount can be all or part of the entire compensation—an employee does not have to know the precise amount they will receive before the pay period, as long as the minimum weekly amount required for the purposes of the white-collar exemptions is guaranteed. *Id.*

---

[3]"It is immaterial what specific terms (draw against commission, draw plus extra compensation, offset method) an employer uses when compensating employees on a fee or commission basis. What matters is that the employee receives no less than the weekly-required amount as a guaranteed salary constituting all or part of total compensation, which amount is not subject to reduction due to the quality or quantity of the work performed, and that the employee is never required to repay any portion of that salary even if the employee fails to earn sufficient commissions or fees. Provided that these requirements are met, the employee will be considered to be paid "on a salary basis" irrespective of any additional sums paid to the employee, such as the amount by which commissions earned for a specific period exceed the total of the weekly guarantee paid for the same period." Opinion letter from U.S. Department of Labor, Employment Standards Administration, Wage & Hour Division, FLSA 2006-43 (Nov. 27, 2006) (emphasis added).

It is undisputed that Plaintiff was paid on a commission basis that did, in fact, meet the minimum weekly amount required. *See* Defs.' Mot. at 5–6; Pl.'s Resp. at 1. Plaintiff claims, however, that his commission-based pay did not constitute a salary basis because the amount he received was not guaranteed or predetermined. Pls.' Resp. at 3–4. The question of whether a payment scheme comparable to Plaintiff's meets the requirements of the salary basis test for the purposes of the white-collar exemptions to FLSA overtime requirements is currently pending for en banc review by the Fifth Circuit. *Hewitt v. Helix Energy Sols. Grp., Inc.*, 983 F.3d 789 (5th Cir. 2020), *vacated*, 989 F.3d 418 (5th Cir. 2021) (mem.). As noted by this Court previously, *Hewitt* is currently the sole controlling authority on the present issue. R. & R. Denying Pls.' Mot. on White-Collar Exemptions at 18. Even if Plaintiff's commission-based pay structure could theoretically satisfy the salary basis test, however, Defendants' Motion still fails to meet the summary judgment standard.

Defendants assert that despite the fact Plaintiff's pay was purely commission-based, it was guaranteed to meet the minimum required weekly amount "as a matter of actuarial certainty." Defs.' Mot. at 10. To back their assertion, Defendants cite Plaintiff's reference to a "'guaranteed base'" amount of pay he received. *Id.* at 9–10 (quoting App. to Defs.' Mot., Ex. 2 at 77:25). This allegedly predetermined and guaranteed compensation was based solely on existing, in-force policies, exclusive of any new policies that Plaintiff or his agents sold. *Id.* at 8–10. Accordingly, the alleged guarantee was not subject to variation or reduction based on the quality or quantity of Plaintiff's work. *Id.*

If such a scheme were truly guaranteed and statistically certain, it could conceivably meet all three elements required by the salary basis test. Plaintiff presents evidence, however, that his pay based on existing policies was neither predetermined nor guaranteed because it was wholly

contingent on customers' forthcoming payments and Defendants' discretion. Pl.'s Resp. at 4–6. For instance, Plaintiff points out that Defendants could revoke commission-generating policies at their discretion. *Id.* at 6.

The Court finds that this is sufficient to raise an issue of material fact. Defendants, therefore, fail to conclusively establish the existence of a salary basis payment scheme. Because Defendants do not establish that "there is no genuine dispute as to any material fact" regarding whether Plaintiff Christopher Ferguson meets the criteria for the white-collar exemptions to the FLSA overtime requirements, summary judgment is not appropriate. FED. R. CIV. P. 56(A).

**B. Defendants' Motion for a Hearing on this Defendants' Motion (ECF No. 367)  Should Be Denied as Moot.**

Defendants have also sought a hearing on Defendants' Motion. *See* Defs.' Mot. for Hearing. Because the Court finds the parties' briefing on this matter sufficient, the Court concludes a hearing is unnecessary. Thus, if the Court adopts this Report and Recommendation, the Court **FURTHER RECOMMENDS** that the Motion for Hearing be **DENIED AS MOOT.**

## IV.     RECOMMENDATIONS

Upon consideration of the entire record in this case, and for good cause shown, the undersigned **RECOMMENDS** that Defendants' Motion (ECF No. 308) be **DENIED** and Defendants' Motion for Hearing (ECF No. 367) be **DENIED AS MOOT.**

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 4th day of August, 2021**.

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE