FILED
September 23, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____IR_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON, Individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION 6:17-cv-00111-RP |
| vs. | § § | |
| TEXAS FARM BUREAU BUSINESS CORPORATION, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU UNDERWRITERS, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, and TEXAS FARM BUREAU, | § § § § § § § § § § § § § | COLLECTIVE ACTION  JURY TRIAL DEMANDED |
| *Defendants*. | § § | |

## INDIVIDUAL AND COLLECTIVE ACTION FIRST-AMENDED COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT

### NATURE OF THE ACTION

1. Plaintiff brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA" or the "Act") on behalf of himself and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2. Defendants have violated the FLSA within the past three years by misclassifying their Agency Managers as independent contractors (paid commissions only) and not paying for any of the

overtime hours they worked.

3. Plaintiff, as the putative collective/class representative, seeks certification of this suit as a collective action on behalf of all current and former misclassified Agency Managers of Defendants (collectively referred to as the "Similarly Situated Misclassified Agency Managers").

## THE PARTIES

4. **Plaintiff Christopher Ferguson** ("Plaintiff Ferguson") resides at 901 Timberline Drive, Bay City, Texas 77414. Plaintiff Ferguson first started working for Defendants as an insurance agent in or about March 2004. In or about June 2009, Plaintiff Ferguson received a promotion to an Agency Manager position over Defendants' independent contractor insurance agents working in Hockley, Cochran and Bailey Counties, and was misclassified as an independent contractor. He was so employed until in or about May 2013, when he transferred to an Agency Manager position of Defendants' independent contractor insurance agents working in Matagorda County, still misclassified as an independent contractor.

5. **Defendant Texas Farm Bureau Business Corporation** ("TFB Business Corp."), is a Texas corporation, which maintains a presence and corporate address in Waco, McLennan County, Texas 76712. According to the Texas Farm Bureau's "General Career Openings" webpage (https://apply.txfb.com), the Bureau employs "over 820 individuals" in "three companies – Texas Farm Bureau, Texas Farm Bureau Business Corporation and Texas Farm Bureau Casualty Insurance Company." The webpage further describes TFB Business Corp. as "provid[ing] administrative support services to Texas Farm Bureau and its affiliated insurance companies." Defendant TFB Business Corp. may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being Si E. Cook, 7420 Fish Pond

Road, Waco, Texas 76710-1010, or wherever else he may be found.

6. According to the Texas Farm Bureau's "Company Information" webpage, the Bureau's insurance companies include: (a) Texas Farm Bureau Casualty Insurance Company; (b) Texas Farm Bureau Mutual Insurance Company; (c) Texas Farm Bureau Underwriters; (d) Farm Bureau County Mutual Insurance Company of Texas; and (e) Southern Farm Bureau Life Insurance Company.

7. The Bureau utilizes letterhead listing these five companies under the umbrella of the "Texas Farm Bureau Insurance Companies," including, for example, the letterhead that contained Plaintiff Ferguson's promotion offer to an Agency Manager position in June 2009.

8. Defendants' website further represents that Defendants are "Headquartered in Waco, Texas," and the "[l]argest Texas-based insurance provider of auto, home/property, farm/ranch, life, and health insurance."

9. **Defendant Texas Farm Bureau Casualty Insurance Company** ("TFB Casualty"), is a Texas insurance company, which provides auto insurance policies and maintains a presence and corporate address in Waco, McLennan County, Texas 76712. When Defendants transferred Plaintiff Ferguson to an Agency Manager position in Matagorda County in May 2013, Defendants required he sign an "Incorporated Agency Manager Contract" with, among other parties, TFB Casualty. Pursuant to Texas Insurance Code 804.101(b), Defendant TFB Casualty may be served with process by delivering a copy of the Summons and Complaint to president, an active vice president, secretary or attorney in fact at Defendant TFB Casualty's home office or principal place of business, being 7420 Fish Pond Road, Waco, Texas 76710, or leaving a copy of the process at the same during regular business hours.

10. **Defendant Texas Farm Bureau Mutual Insurance Company** ("TFB Mutual") is a Texas

3

insurance company, which provides home/property insurance policies and maintains a presence and corporate address in Waco, McLennan County, Texas 76712. When Defendants transferred Plaintiff Ferguson to an Agency Manager position in Matagorda County in May 2013, Defendants required he sign an "Incorporated Agency Manager Contract" with, among other parties, TFB Mutual. Pursuant to Texas Insurance Code 804.101(b), Defendant TFB Mutual may be served with process by delivering a copy of the Summons and Complaint to president, an active vice president, secretary or attorney in fact at Defendant TFB Mutual's home office or principal place of business, being 7420 Fish Pond Road, Waco, Texas 76710, or leaving a copy of the process at the same during regular business hours.

11. **Defendant Texas Farm Bureau Underwriters** ("TFB Underwriters") is a Texas entity providing insurance services, which underwrites insurance policies issued by the other Defendants and maintains a presence and corporate address in Waco, McLennan County, Texas 76712. When Defendants transferred Plaintiff Ferguson to an Agency Manager position in Matagorda County in May 2013, Defendants required he sign an "Incorporated Agency Manager Contract" with, among other parties, TFB Underwriters. Pursuant to Texas Insurance Code 804.101(b), Defendant TFB Underwriters may be served with process by delivering a copy of the Summons and Complaint to president, an active vice president, secretary or attorney in fact at Defendant TFB Underwriters' home office or principal place of business, being 7420 Fish Pond Road, Waco, Texas 76710, or leaving a copy of the process at the same during regular business hours.

12. **Defendant Farm Bureau County Mutual Insurance Company of Texas** ("FB County Mutual") is a Texas insurance company, which provides insurance policies and maintains a presence and corporate address in Waco, McLennan County, Texas 76712. When Defendants

transferred Plaintiff Ferguson to an Agency Manager position in Matagorda County in May 2013, Defendants required he sign an "Incorporated Agency Manager Contract" with, among other parties, FB County Mutual. Pursuant to Texas Insurance Code 804.101(b), Defendant FB County Mutual may be served with process by delivering a copy of the Summons and Complaint to president, an active vice president, secretary or attorney in fact at Defendant FB County Mutual's home office or principal place of business, being 7420 Fish Pond Road, Waco, Texas 76710, or leaving a copy of the process at the same during regular business hours.

13. **Defendant Southern Farm Bureau Life Insurance Company** ("SFB Life") is a Mississippi insurance company, which provides life insurance policies and maintains a presence and corporate address in Waco, McLennan County, Texas 76712. When Defendants transferred Plaintiff Ferguson to an Agency Manager position in Matagorda County in May 2013, Defendants required he sign an "Incorporated Agency Manager" contract with SFB Life. Defendant SFB Life may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being Bo Wilburn, 7420 Fish Pond Road, Waco, Texas 76710-1010, or wherever else he may be found.

14. **Defendant Texas Farm Bureau** ("TFB") is a Texas corporation, which maintains a presence and corporate address in Waco, McLennan County, Texas 76712. According to its website, the TFB "is a membership association led by elected volunteers who are agricultural producers," and "[m]embers from each of the 13 statewide districts nominate a State Director to represent their geographic area on the Board of Directors." Defendant TFB may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being Si E. Cook, 7420 Fish Pond Road, Waco, Texas 76710-1010, or wherever else he may be found.

15. A true and correct copy of Plaintiff Ferguson's May 2013 "Incorporated Agency Manager

5

Contract" with TFB Casualty and FB County Mutual is attached as **Exhibit 1**[1] and incorporated by this reference. Plaintiff Ferguson is informed and believes this is a standard contract required of all Defendants' Agency Managers (hereafter the "Casualty/County Mutual Contract").

16. A true and correct copy of Plaintiff Ferguson's May 2013 "Incorporated Agency Manager Contract" with TFB Mutual and TFB Underwriters is attached as **Exhibit 2** and incorporated by this reference. Plaintiff Ferguson is informed and believes this is a standard contract required of all Defendants' Agency Managers (hereafter the "Mutual/Underwriters Contract").

17. A true and correct copy of Plaintiff Ferguson's May 2013 "Incorporated Agency Manager Contract" with SFB Life is attached as **Exhibit 3** and incorporated by this reference. Plaintiff Ferguson is informed and believes this is a standard contract required of all Defendants' Agency Managers (hereafter the "Life Contract").

18. According to Texas Secretary of State records and their website, Defendants share several officers and directors, including, but not limited to, Russell W Boening, President & Treasurer; Bob Reed, Director; Vernie R Glasson, Chief Operating Officer; and Cyndi Gerik, Chief Financial Officer & Comptroller.

19. Defendants TFB Business Corp., TFB Casualty, TFB Mutual, TFB Underwriters, FB County Mutual, SFB Life, and TFB (collectively "Defendants") are an integrated enterprise and joint employers of Plaintiff Ferguson and the Similarly Situated Misclassified Agency Managers.

---

[1] Ferguson and the Similarly Situated Agency Managers incorporate into this pleading (and refer to) all exhibits already on file with the original complaint.

## JURISDICTION AND VENUE

20. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1131 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

21. Defendants are located in Waco, McLennan County, Texas. Therefore, this action is within the jurisdiction of the United States District Court for the Western District of Texas and venue is proper in the Western District of Texas, Waco Division.

22. Both the Casualty/County Mutual Contract and Mutual/Underwriters Contract contain provisions requiring that "all actions or proceedings arising in connection with this Contract shall be tried and litigated exclusively in the State and Federal courts located in the County of McLennan, state of Texas," and "[t]his choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Contract in any jurisdiction other than that specified in this paragraph." Exhibit 1, § 11, p. 11; Exhibit 2, § 11, pp. 12-13.

23. Defendants were each individual and joint employers of Plaintiff Ferguson and all other Similarly Situated Misclassified Agency Managers within the meaning of the FLSA.

## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

24. At all relevant times, Defendants have engaged in related activities performed through unified operation or common control for a common business purpose; have employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and have an annual gross volume of sales made or business done of not less than $500,000. Defendants therefore constitute an enterprise engaged in interstate commerce or in the production of goods or services for interstate

commerce within the meaning of the FLSA (29 U.S.C. §203(r) & (s)).

25. Indeed, in a PowerPoint presentation in 2014 at a conference Plaintiff Ferguson attended, Defendants included several slides related to the FLSA, including specifically the statute's requirement that "all non-exempt employees be <u>paid</u> '<u>time and a half</u>' their regular rate of pay for all hours worked in excess of 40 hours in a seven-day work week."(Quoting PowerPoint slide 19, underlined emphasis in original.)

26. In addition, in connection with their employment with the Defendants, Plaintiff Ferguson and all others similarly situated, engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## BACKGROUND AND STATEMENT OF CLAIMS

**A.    Commissions Only.**

27. As an Agency Manager, Plaintiff Ferguson and the other Similarly Misclassified Agency Managers were not paid any base salary, and instead, were paid exclusively commissions without any pre-determined guaranteed minimum pay per week.

28. When he was first promoted to the Agency Manager position in June 2009, Plaintiff Ferguson's offer letter stated in this regard that, "Your Agreed Amount is $0."

29. Defendants made no payroll tax or other withholdings from the commissions paid to Plaintiff Ferguson, or other Similarly Situated Misclassified Agency Managers, and reported their income to the IRS by Form 1099 instead

30. In connection with his employment with Defendants as an Agency Manager, Plaintiff Ferguson would receive two 1099 forms for the reporting of his income to the IRS, one issued by TFB Casualty and the other SFB Life.

**B.     Long-Term Tenure Contemplated And Achieved.**

31. When he was first hired as an Agency Manager in June 2009, his offer letter expressly contemplated a long-term period of employment (inconsistent with a bona fide independent contractor classification), stating, "You agree to a tenure commitment of 5 years in Hockley-Cochran and Bailey Counties."

32. Likewise, the standard contracts he was required to sign in connection with his transfer to an Agency Manager position in Matagorda County in May 2013, explicitly contemplated a long-term period of employment (inconsistent with a bona fide independent contractor classification), providing, for example, that termination benefits were based on "Length of Continuous Service as agency manager" with graduating percentages depending upon whether "Continuous Service" was "Less than 5 years," "At least 5 but less than 6 years,""At least 6 but less than 7 years," "At least 7 but less than 8 years," "At least 8 but less than 9 years," "At least 9 but less than 10 years," or "At least 10 years."  Exhibit 1, § 6, pp. 7-8; Exhibit 2, § 6, pp. 7-8; *see also* Exhibit 3, § 7(D), p. 5 (no termination payments if employed "for less than five (5) consecutive years immediately prior to such [termination]").

33. Plaintiff Ferguson was employed as Agency Manager for Defendants for a 7-year and 5-month period from June 2009 until December 22, 2017 (a length of tenure inconsistent with a bona fide independent contractor classification).

34. Other Similarly Situated Misclassified Agency Managers were employed for even longer tenures. Indeed, at a September 2014 Agency Managers' Conference, one of the presenters opened with a slide asking the attendees, "How long have you been here? Prior to 1988? 1988 to 1994?"

35. In this regard, attached as **Exhibit 4**, and incorporated by this reference, is a true and

9

correct copy of a December 2014 Memorandum issued to all "Employees, Agency Managers, Agents, and CFB Secretaries" to announce the promotion of Sloan Brown to Vice President of Sales effective January 1, 2015, describing his "career" with Defendants starting as an agent in 1993, "tenure" for "three years as Agency Manager," followed by employment as a District Sales Manager from 2000 until he was promoted in 2011 to an Associate State Sales Director position.

C. **Exclusive Relationship**.

36. Defendants' standard contracts for Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers also provided that they work exclusively for Defendants (inconsistent with a bona fide independent contractor classification) and could "represent insurance companies in the state of Texas, other than Companies, only after receiving prior written consent of the Companies to do so." Exhibit 1, § 2(E), p. 2; Exhibit 2, § 2(E), p. 2; *see also* Exhibit 3, § 2(E), p. 2 (agreement to "Represent other insurance companies in the state in which this contract is signed only after the Agency has fulfilled its obligations under Paragraph 2-A above, and after receiving the written consent of the Company to do so").

37. Defendants' standard contracts for Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers also included 2-year/50-mile radius non-compete and non-solicitation of agents and other Agency Managers following termination of employment (inconsistent with a bona fide independent contractor classification). Exhibit 1, § 6(I), pp. 9-10; Exhibit 2, § 6(I), pp. 9-10; *see also* Exhibit 3, § 7(D), p. 5 (no termination payments if re-employed in insurance business within 2-years and 50-mile radius of former office).

D. **No Sub-Contracting**.

38. Defendants' standard contracts for Plaintiff Ferguson and the other Similarly Situated

10

Misclassified Agency Managers also provided that they could not sub-contract or assign any duties under the contracts "except with prior written consent of the [Companies/Company]" (inconsistent with a bona fide independent contractor classification). Exhibit 1, § 4(B), p. 5; Exhibit 2, § 4(B), p. 5; Exhibit 3, § 5(B), p. 4.

39. Thus, all services provided for Defendants by Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers were required by Defendants to be performed by them personally.

    E.    **Issued Business Cards.**

40. Defendants issued business cards to Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers (inconsistent with a bona fide independent contractor classification). Attached as **Exhibit 5** is a true and correct copy of a photograph of Plaintiff Ferguson's Agency Manager business card with Defendants.

    F.    **Closely Supervised By District Sales Managers.**

41. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers were closely supervised by a District Sales Manager employed by Defendants (inconsistent with a bona fide independent contractor classification).

42. Attached as **Exhibit 6** is a true and correct copy of a recent job posting on Defendants' website for a career as a District Sales Manager ("DSM"), incorporated by this reference, which included as "Major Responsibilities," "Responsible for training and managing *agency managers* in all lines of business, including adherence to Companies' office procedures," "Approve account assignments to agents and *agency managers*," "Conduct no more than six district sales meetings per year and *agency manager* meetings as deemed necessary from specified agendas determined by the Associate State Sales Directors and Vice President of

Sales," "<u>Conduct in-depth quarterly meetings</u> with each *agency manager* in district <u>to review company goals, agency targets, agent training, manpower needs and office procedures</u>," "<u>Make weekly site visits</u> to the agencies as determined by the Associate Sales Directors." (Emphasis added.)

43. Defendants required Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers to provide weekly and monthly reports to their District Sales Managers.

44. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers would even receive performance evaluations from Defendants' Managers. Attached as **Exhibit 7** is a true and correct copy of Plaintiff Fergusons November 2009 Agency Manager Evaluation.

  G. <u>**Issued Company E-mail Account**</u>.

45. Defendants issued Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers company e-mail accounts (inconsistent with a bona fide independent contractor classification). *See* Exhibit 5 (listing Plaintiff Ferguson's e-mail account of [cferguson@txfb-ins.com](mailto:cferguson@txfb-ins.com))

46. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers would hold themselves out to the public as affiliated with Defendants, including, for example, listing the company in their e-mail signature blocks.

  H. <u>**Forced Vendor Contract With County Board And Resulting Pay Deductions**</u>.

47. As set forth in Defendants' offer letter when Plaintiff Ferguson was first promoted to an Agency Manager position in June 2009, Defendants required the Agency Managers to enter into a separate "Memorandum of Understanding" with the County Farm Bureau for their particular County and maintain a "good relationship with the County Board [and its] secretaries.".

48. Under these requisite contracts, Plaintiff Ferguson and the other Similarly Situated

Misclassified Agency Managers were forced to obtain <u>from the County Board</u> at designated costs their (a) office space, (b) furniture, (c) local telephone service, (d) office supplies, (e) copy and fax machines and paper for same, (f) secretaries; and (g) other clerical assistants and insurance service representatives ("ISR's").  A true and correct copy of Plaintiff Ferguson's 2017 budget year Memorandum of Understanding with the Matagorda County Farm Bureau is attached as **Exhibit 8**, and incorporated by this reference.

49. Defendants would make payroll deductions from the commission earnings of Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers to pay for these required expenses.

50. For example, Plaintiff Ferguson's July 31, 2016 Pay Statement includes a list of current and year-to-date pay deductions for the following items: (a) "Marketing Program – Advertisin[g];" (b) "E & O Premium;" (c) "COOP – Advertising;" (d) "Equipment;" (e) "Additional Equipment-ISR & Sec[retary];" (f) "Promotional items;" (g) "Collateral – Advertising;" (h) "Yellow Page Advertising;" and (i) "Bond Fee."

51. Defendants also made payroll deductions from the commission earnings of Plaintiff Ferguson and other Similarly Situated Misclassified Agency Managers for laptop "lease" expense and internet access.

   I.   **<u>Deductions For TFB's Former Agency Managers Severance Obligations</u>**.

52. Defendants would make payroll deductions from the commission earnings of Plaintiff Ferguson and other Similarly Situated Misclassified Agency Managers for "buy outs" to the former Agency Managers Plaintiff Ferguson and others replaced (regardless of the reason the former Managers were terminated—including terminations for fraud).

53. These "buy outs" were Defendants' severance obligations to their former Agency Managers

13

that Defendants' required Plaintiff Ferguson and other Similarly Situated Misclassified Agency Mangers to pay instead of Defendants' honoring these obligations themselves.

**J.      Primary Job Duties.**

54. The services provided by Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers were integrated into Defendants' business operation of selling insurance policies (inconsistent with a bona fide independent contractor classification).

55. The primary job duties of Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers was to recruit and supervise insurance agents for Defendants whom Defendants classified as independent contractors.

**K.      Substantial Overtime Worked Without Overtime Pay.**

56. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers typically worked over forty hours each workweek, with overtime hours estimated at a minimum of five hours during slow weeks to upwards of about 20 hours per week during busy weeks.

57. Notwithstanding the fact that Plaintiff and the other Similarly Situated Misclassified Agency Managers were paid exclusively commissions with no guaranteed salary and had non-exempt job duties as their primary duties, Defendants never paid Plaintiff or any other Similarly Situated Misclassified Agency Managers any overtime pay.

58. Defendants knew they were required by the FLSA to pay an additional one and one-half premium rate for the overtime work of Plaintiff and the other Similarly Situated Misclassified Agency Managers.

59. Defendants willfully failed to pay the Plaintiff and the other Similarly Situated Misclassified Agency Managers any overtime.

60. The failure to pay overtime was a violation of the FLSA, including §§ 207(a) and 15(a)(2).

L. **MISCLASSIFIED INDEPENDENT CONTRACTORCOLLECTIVE ACTION ALLEGATIONS**

61. Plaintiff Ferguson hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations and Exhibits, as if set forth herein again.

62. There is a collective/class of approximately 120-160 other Similarly Situated Misclassified Agency Managers who formerly or currently work for Defendants and have performed work similar to Plaintiff Ferguson as an Agency Manager within the past three years.

63. Plaintiff Ferguson and the Similarly Situated Misclassified Agency Managers were paid exclusively commissions, without any compensation for overtime worked, thus requiring overtime due at a rate of an additional one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek.

64. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers were not paid on a salary basis.

65. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers have consistently worked more than forty (40) hours in most workweeks within the past three years.

66. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in most workweeks within the past three years.

67. Plaintiff Ferguson and the Similarly Situated Misclassified Agency Managers are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for their overtime work within the past three years.

68. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers of

Defendants on whose behalf this lawsuit is brought include all present and former misclassified Agency Managers of Defendants within the past three years. These individuals have been subject to the same policies and practices as Plaintiff Ferguson regarding non-payment of overtime wages at an additional one and one-half times their regular rate of pay.

69. Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiff Ferguson, and the other Similarly Situated Misclassified Agency Managers, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

70. Defendant's violations have been willful.

71. There are questions of law and fact common to the class/collective.

72. The claims or defenses of the representative, Plaintiff Ferguson, are typical of the claims or defenses of the class/collective.

73. The representative, Plaintiff Ferguson, will fairly and adequately protect the interests of the collective/class.

74. Counsel for the Plaintiff, Starzyk & Associates, P.C., has conducted significant investigation as to potential claims and parties in this case.

75. Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

76. There are no conflicts of interest among the class/collective members.

77. Counsel for the Plaintiff Ferguson, Starzyk & Associates, P.C., is knowledgeable and experienced in the field of employment law (specifically including overtime claims under the FLSA), class/collective actions and complex litigation, and can and will fairly and competently

represent the interests of all class members.

78. Counsel for Plaintiff Ferguson has and will commit the human and financial resources necessary to represent the class/collective.

79. Plaintiff Ferguson's written Consent to this action is attached as **Exhibit 9** and incorporated by this reference.

**CAUSE OF ACTION:**
**MISCLASSIFIED INDEPENDENT CONTRACTOR UNPAID OVERTIME**
**- FAIR LABOR STANDARDS ACT (FLSA)**
**(INDIVIDUAL AND COLLECTIVE ACTION)**

80. Plaintiff Ferguson hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations and Exhibits, as if set forth herein again.

81. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers were not paid on a salary basis or fee basis. Plaintiff Ferguson and other Similarly Situated Misclassified Agency Managers contend they are not exempt under the executive, administrative, and highly compensated employee exemptions because they were not paid on a salary or fee basis, as the exemptions require. While these exemptions do not apply because they were not paid on a salary or fee basis, Plaintiff Ferguson and other Similarly Situated Misclassified Agency Managers do not contest their duties would satisfy the Highly Compensated Employee exemption. Therefore, Plaintiff Ferguson and other Similarly Situated Misclassified Agency Managers do not contest the remaining elements of any of these exemptions. *See* 29 C.F.R. § 541.601 (requiring that highly compensated employees not only be paid on a salary or fee basis but also that they customarily and regularly perform any one or more of the exempt duties or responsibilities of an executive or administrative employee); *see also*.29 C.F.R. § 541.100 (requiring that executive employees not only be paid on a salary basis but also have a primary

duty of management, customarily and regularly direct the work of two or more other employees, and can suggest and recommend the hiring and firing of employees); *see also* 29 C.F.R. § 541.200 (requiring that administrative employees not only be paid on a salary or fee basis but also have a primary duty performing office or non-manual work directly related to management or general business operations of the employer or the employer's customers and whose primary duty includes exercise of discretion and independent judgment with respect to matters of significance).

82. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

83. Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers have worked in excess of forty (40) hours in most workweeks within the past three years.

84. Defendants have failed to pay overtime to Plaintiff Ferguson, and the other Similarly Situated Misclassified Agency Managers, for hours worked in excess of forty (40) hours in a workweek within the past three years.

85. Defendants' failure to pay overtime was willful, thus requiring Defendants to pay interest and liquidated damages.

## **JURY DEMAND**

86. Plaintiff Ferguson demands a trial by jury and is paying the appropriate jury fee (if any) contemporaneously with the filing of this Complaint.

## PRAYER

**WHEREFORE**, Plaintiff Christopher Ferguson, through his undersigned counsel, respectfully requests that this Court:

A. Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former misclassified independent contractors of Defendants who held the position of Agency Manager within the past three years, and that notice of the opportunity to join this suit be distributed to all putative class/collective members;

B. Order Defendants to make Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Mangers whole by paying the overtime wages due;

C. Order Defendants to pay interest and liquidated damages on all wages owed;

D. Order Defendants to make proper payments of all Federal withholdings and taxes to the Internal Revenue Service;

E. Order Defendants to pay costs and attorneys' fees incurred by Plaintiff Ferguson and the other Similarly Situated Misclassified Agency Managers; and

F. Grant such further relief as the Court deems necessary and proper.