# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER FERGUSON,** | § | |
| **individually and on behalf of others** | § | |
| **similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:17-CV-00111-DTG** |
| | § | |
| **TEXAS FARM BUREAU BUSINESS** | § | |
| **CORPORATION, TEXAS FARM** | § | |
| **BUREAU CASUALTY INSURANCE** | § | |
| **COMPANY, TEXAS FARM BUREAU** | § | |
| **MUTUAL INSURANCE COMPANY,** | § | |
| **TEXAS FARM BUREAU** | § | |
| **UNDERWRITERS, FARM BUREAU** | § | |
| **COUNTY MUTUAL INSURANCE** | § | |
| **COMPANY OF TEXAS, SOUTHERN** | § | |
| **FARM BUREAU LIFE INSURANCE** | § | |
| **COMPANY, and TEXAS FARM** | § | |
| **BUREAU,** | § | |
| | § | |
| **Defendants.** | § | |

---

## JOINT STATEMENT OF THE CASE

---

    *Plaintiffs' Proposed Joint Statement of the Case Statement.* Plaintiffs are former Agency Managers of the Farm Bureau insurance companies. They are suing Farm Bureau under the Fair Labor Standards Act, claiming that Farm Bureau violated the FLSA by misclassifying them as independent contractors and not paying them overtime pay for weeks they worked over 40 hours—*i.e.* overtime. There are three issues in this trial are whether the Agency Managers worked over 40 hours in the relevant time periods, whether Farm Bureau had actual or constructive knowledge that

they were working overtime, and whether Farm Bureau violated the FLSA willfully by misclassifying the Agency Managers as independent contractors.

**_Defendants' Proposed Joint Statement of the Case._**   There are twelve Plaintiffs in this case. They are Christopher Ferguson and opt-in Plaintiffs Daryl Blackwell, Ricky Martin, Lloyd McCord, Brandon Wheeler, David Henry, Mike Cook, Brandon Peek, Darrell Beakley, Gary Clements, Connie Lovelady, and Matthew Stanton (collectively, "Plaintiffs").   There are two sets of Defendants in this case. The first set is Texas Farm Bureau, Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, and Farm Bureau County Mutual Insurance Company of Texas. (collectively, "Texas Farm Bureau").   The second is Southern Farm Bureau Life Insurance Company ("Southern Farm Bureau").   "Defendants" refers to all seven defendants.

Each of the Plaintiffs is a former Agency Manager for Texas Farm Bureau and Southern Farm Bureau.   Each Plaintiff signed several contracts to operate as Texas Farm Bureau and Southern Farm Bureau Life insurance agents and Agency Managers.   In their contracts, each Plaintiff agreed to operate as an independent contractor, not as an employee.

After the termination of his contractual relationship with Defendants, Plaintiff Christopher Ferguson filed this lawsuit, claiming that he was misclassified as an independent contractor and entitled to recover unpaid overtime under Section 207 of the FLSA.   Each of the other Plaintiffs opted-in to the lawsuit filed by Plaintiff Christopher Ferguson.

Plaintiffs claim that Defendants violated the FLSA, by failing to pay them overtime for hours worked in excess of 40 per week.   Plaintiffs further claim that such violation of the FLSA was willful.

Defendants deny that Plaintiffs worked any overtime hours. Defendants also contend that Plaintiffs are not entitled to any overtime under the FLSA because Plaintiffs failed to provide any notice to Defendants that they believed themselves to be employees, or that they were working overtime while under contract as an independent contractor.  Defendants contend they did not act willfully, *i.e.*, deliberately, intentionally, or recklessly, in classifying Plaintiffs as independent contractors.  Therefore, the statute of limitations in this case is two years, not three years.

In the context of this case, and after each Plaintiff's Agency Manager contracts had terminated, the Court determined that only for purposes of the FLSA, Plaintiffs (individually or as a registered corporate entity) were employees, and not independent contractors.  This determination has no bearing on whether Plaintiffs worked overtime; whether Defendants had notice that Plaintiff had worked overtime; or whether Defendants willfully failed to comply with the FLSA.

Defendants assert as an affirmative defense that, even if Plaintiffs could be recharacterized as "employees," they are exempt under the commissioned employee exemption of the FLSA because the Farm Bureau agency offices Plaintiffs operated are "retail or service establishments" under section 207(i) the FLSA; Plaintiffs were paid on a commission basis; the agencies' policies were sold to the general public on a retail basis, not for resale; Plaintiffs' pay exceeded 1.5 times the minimum wage under the FLSA; and more than half of Plaintiffs' total compensation consisted of commissions on the sale of insurance policies, which are considered goods under the FLSA.