# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER FERGUSON,** | § | |
| **individually and on behalf of others** | § | |
| **similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:17-CV-00111-** |
| | § | **DTG** |
| **TEXAS FARM BUREAU BUSINESS** | § | |
| **CORPORATION, TEXAS FARM** | § | |
| **BUREAU CASUALTY INSURANCE** | § | |
| **COMPANY, TEXAS FARM BUREAU** | § | |
| **MUTUAL INSURANCE COMPANY,** | § | |
| **TEXAS FARM BUREAU** | § | |
| **UNDERWRITERS, FARM BUREAU** | § | |
| **COUNTY MUTUAL INSURANCE** | § | |
| **COMPANY OF TEXAS, SOUTHERN** | § | |
| **FARM BUREAU LIFE INSURANCE** | § | |
| **COMPANY, and TEXAS FARM** | § | |
| **BUREAU,** | § | |
| | § | |
| **Defendants.** | § | |

---

## CONTENTIONS OF THE PARTIES

---

*Plaintiff's Contentions.* Plaintiffs contend that Defendants violated the FLSA by willfully misclassifying them as independent contractors and not paying them overtime pay for their overtime worked. Plaintiffs contend that they regularly worked over 40 hours a week in the relevant time period on the *Mt. Clemens* standard for establishing overtime hours when employer fails to maintain adequate records of hours worked, as Defendants did here. Plaintiffs further contend that Defendants had actual or constructive knowledge of their overtime worked because

they failed to maintain adequate records of hours worked despite being required to do so under the FLSA and because Defendants suffered and permitted Plaintiffs to work overtime.

 ***Defendants' Contentions.***  The Defendants contend that Plaintiffs entered into several contracts with the Texas Farm Bureau, Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, and Farm Bureau County Mutual Insurance Company of Texas. (collectively, "Texas Farm Bureau") to sell property and casualty ("P&C") insurance, and separate contracts with Southern Farm Bureau Life Insurance Company ("SFB Life") to sell life insurance in Texas.  Under their contracts, Plaintiffs agreed to operate as self-employed independent contractors.  Defendants contend that Plaintiffs were properly classified as independent contractors, and they were paid substantial commissions as their compensation pursuant to their contracts.  Defendants further contend that Plaintiffs are not entitled to additional overtime payments because they were not employees under the FLSA. It is also Defendants' position that Plaintiffs will be unable to prove that they worked over 40 hours in any particular workweek.

 Defendants contend that Plaintiffs are precluded from recovering on a claim for overtime under the FLSA because Plaintiffs failed to provide any notice to Defendants that they believed themselves to be employees or that they were working overtime while under contract as independent contractors.  Defendants did not act willfully, *i.e.*, deliberately, intentionally, or recklessly, in classifying Plaintiffs as independent contractors.  Therefore, even if Plaintiffs prove the provided notice of proven overtime hours worked, Plaintiffs will only be able to recover overtime in this case for two years, not the three years they are requesting.  Defendants further contend that because the two-year statute of limitations applies some of Plaintiffs' claims are completely time-barred.

Defendants also maintain that because the agency offices Plaintiffs operated are "retail or service establishments" under section 207(i) the FLSA, and Plaintiffs were paid on a commission basis, Plaintiffs are exempt under the commission exemption of the FLSA.  More specifically, the agencies' policies are sold on a retail basis, not for resale, to the general public; the automobile, homeowners, liability, life, and other types of insurance served the everyday needs of the community; Plaintiffs' pay exceeded 1.5 times the applicable minimum wage; and more than half of each Plaintiffs' total compensation consisted of commissions on the sale of insurance policies, which are considered goods under the FLSA.