# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | CIVIL NO. 6:17-CV-00111-DTG |
| TEXAS FARM BUREAU, TEXAS FARM BUREAU BUSINESS CORPORATION, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU UNDERWRITERS, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, | § § § § § § § § § § § § § § § | |
| **Defendants.** | § | |

## OMNIBUS ORDER ON PRETRIAL MOTIONS

On July 16, 2024, the Court held a hearing to address the dispositive motions pending in the above-captioned case. At the hearing, the Court stated its rulings on the record for all but two motions. On August 19, 2024, the Court held a pretrial conference where it addressed the two remaining motions. At the hearings, the Court orally ruled on the motions, and the following memorializes those rulings for the record.

**1. Defendants' Objection to Magistrate Judge's Order On Plaintiffs' Motion to Continue Tolling of the Statute of Limitations (ECF No. 157)—DENIED**

This objection addressed the Court's April 6, 2018, Order that granted in part Plaintiffs' Motion to Continue Tolling of Statute of Limitations for FLSA Class Members (ECF No. 147). That Order partially granted the motion to equitably toll the FLSA limitations period, from June

22, 2017–Mar 20, 2018, to account for the time lapse between the issuance of a report and recommendation on a motion for conditional certification to the date the district court issued its order adopting the recommendation and formally certifying the collective action. ECF No. 147. Defendants timely filed their objections to the magistrate judge's order. ECF No. 157.

The objection to the magistrate judge's order finds itself before a magistrate judge. After filing their objections and before the district judge ruled on the objections, the parties consented to trial before the undersigned. ECF Nos. 456 and 457. While the parties briefed the matter under the standard in Rule 72(a) of the Federal Rules of Civil Procedure—governing appeals from magistrate judge orders—the Court treated it as a Motion for Reconsideration. Motions for reconsideration are made Rule 59(e) of the Federal Rules of Civil Procedure, which "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Additionally, relief under Rule 59(e) may also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Defendants' motion fails either standard.

Whether to equitably toll a limitations period is a decision that lies within a district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Nevertheless, the Fifth Circuit has cautioned that equitable tolling should only be applied in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Defendant says that doesn't exist here. ECF 157 at 2. The Fifth Circuit has held that equitable tolling "is a narrow exception . . . that should be applied sparingly.'" *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (internal quotation marks and citation omitted). As such, equitable tolling may only be allowed where a plaintiff meets his burden of demonstrating (1)

2

that he has diligently pursued his rights, and (2) that an "extraordinary circumstance" prevented him from timely filing his claim. *Sandoz*, 700 F. App'x at 320.

After a thorough review of the order, the Court is unable to find an error of law or any intervening change in the law. The cases cited by the Court in granting tolling have been favorably cited several times since in support of the same proposition. Defendants claim that nothing in the FLSA provides for tolling of the limitations period while a court considers whether to certify a case as a collective action. ECF No. 157 at 5. In his Order, however, the magistrate judge recognized that "Courts in the Fifth Circuit have tolled statute of limitations for putative opt-in plaintiffs when the parties waited a lengthy period for the court to rule on a motion for conditional certification." ECF No. 147, p. 7. The Court cited two cases supporting that proposition: *Hernandez v. Caviness Packing Co.*, No. 2:07-CV-142-J, 2008 U.S. Dist. LEXIS 121617, at *5-6 (N.D. Tex. 2008) (tolling the statute of limitations 'due to the delay in ruling on the Plaintiff's motion for class action' which was pending for nine months despite not finding 'extraordinary circumstances'), and *Davis v. Flare Ignitors & Rentals*, Inc., SA-11-CA-00450-OLG, 2012 WL 12539328, at *2 (W.D. Tex. Mar. 19, 2012) (holding that because the motion was pending for eight months, 'the Court finds it equitable–and therefore orders–that the statute of limitations as it applies to any additional opt-in plaintiffs is tolled from the date on which this motion was filed, July 19, 2011.')." Defendants did not address these cases, and these cases are still good law and have since been relied upon by at least two courts in this circuit. *See e.g. Costellow v. Becht Engr. Co., Inc.*, No. 1:20-CV-00179, 2020 WL 8271875, at *3 (E.D. Tex. Dec. 16, 2020) (holding that plaintiffs should not be penalized by the time required for the court to issue an order on certification); *Sehr v. Val Verde Hosp. Corp.*, 368 F. Supp. 3d 1106, 1109 (W.D. Tex. 2019).

3

The Court therefore finds that the Order contains no manifest errors of law or fact, there is no newly discovered evidence, and there has been no intervening caselaw warranting a different conclusion. The Court therefore **DENIES** the Motion (ECF No. 157).

2. **Defendants' Motion for Summary Judgment as to All Plaintiffs Based on the Administrative, Highly Compensated, and Executive Exemptions Under the FLSA (ECF No. 439)—DENIED—and Plaintiffs' Motion for Partial Summary Judgment on the White-Collar Exemptions Under *Hewitt IV* (ECF No. 437)—GRANTED**

These cross motions for Summary Judgment concern whether Plaintiff and those similarly situated agency managers, qualify for exemptions under the FLSA. The FLSA exemptions at issue apply to individuals "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). For these administrative exemptions to apply, the Plaintiffs must be "[c]ompensated on a salary basis or fee basis at a rate of not less than $455 per week" (equivalent to $23,660 per year). 29 C.F.R. § 541.200(a)(1). This Court previously denied Plaintiffs' Partial Motion for Summary Judgment on the White Collar Defenses in this case because Defendants failed to "raise a genuine issue of material fact by alleging that a compensation scheme may exist in which Plaintiffs are guaranteed to be paid the required weekly amount . . . [and] Plaintiffs fail to conclusively prove that the specific commission system at issue does not constitute payment on a fee basis." *Ferguson v. Texas Farm Bureau*, No. 6:17-CV-00111-ADA-JCM, 2021 WL 2349340, at *11 (W.D. Tex. May 19, 2021), report and recommendation adopted, No. 6:17-CV-00111-ADA, 2021 WL 7906826 (W.D. Tex. June 22, 2021). Since that time, however, the Supreme Court issued its decision in *Helix Energy Sols. Group, Inc. v. Hewitt*, 598 U.S. 39 (2023) ("*Hewitt IV*"), which is dispositive of whether Farm Bureau's Agency Managers qualify for any of the white-collar exemptions.

In two related cases involving Defendants and similarly situated agency managers, this Court applied the holding in *Helix*. In both cases, the Court found that Farm Bureau's manner of

4

paying its agency managers on a commission basis cannot, as a matter of law, satisfy the "salary or fee basis" requirements of the white-collar exemptions. *See Merritt v. Tex. Farm Bureau*, No. W-19-CV-00679-DTG, 2023 WL 3520236, at *1 (W.D. Tex. May 16, 2023) (granting plaintiff's motion for summary judgment on the "white-collar" exemptions and denying Farm Bureau's motion for summary judgment on the issue); *Ward v. Tex. Farm Bureau*, No. W-19-CV-00337-DTG, 2024 WL 1336475, at *4 (W.D. Tex. Mar. 28, 2024) (same). The parties have presented no facts here that warrant a different conclusion. Agency mangers do not satisfy the "salary basis" because (1) their commissions are not calculated on a weekly or less-frequent basis—they are not calculated on any unit of time—and (2) their commissions are not a predetermined amount but can fluctuate based on whether premiums are or are not paid.

Nor can agency managers be considered to have been paid on a "fee basis." Using nearly the same logic as for "salary basis," this Court denied summary judgment on the grounds that "commissions can constitute fee basis compensation" and that "Plaintiffs fail[ed] to conclusively prove that the specific commission system at issue does not constitute payment on a fee basis." *Ferguson* at *16, 20-21. That reasoning, however, does not square with the Supreme Court's textual reading of the white-collar regulation in *Hewitt IV*. 29 C.F.R. § 541.601(a) and (b)(1) state that:

> "Total annual compensation" must include at least $455 per week paid on a salary or fee basis. *Total annual compensation may also include commissions*, nondiscretionary bonuses and other nondiscretionary compensation earned during a 52-week period.

(emphasis added).

*Hewitt IV* made clear that the first and second sentences of the regulation are not an "either-or" option. The first sentence must be met, independent of whether the second sentence is met. In *Hewitt IV*, the Supreme Court found Hewitt's $963 day-rate nondiscretionary

5

compensation did not satisfy the regulation because it was not "at least $455 per week paid on a salary or fee basis." *Hewitt IV at* 598 U.S. 39, 61 (2023). Defendants' commission payments are no different. Plaintiffs were paid on a commission basis with no absolute guarantee of at least $455 per week. They do not satisfy this exemption's requirements. This squares with the analysis of courts pre-*Hewitt IV*, which had found that commission-based compensation does not constitute payment on a fee basis. *See Charbonneau v. Mortg. Lenders of Am. L.L.C.,* 487 F. Supp. 3d 1081, 1091 (D. Kan. 2020) (collecting cases) ("it would be 'illogical' to conclude that commissions constitute payment on a 'fee basis' because, if 'commissions' constituted a 'fee basis,' there would be no need to include the word 'commissions' in the second sentence of section (b)."). These exemptions do not apply. Plaintiffs' Motion (ECF No. 437) is **GRANTED** while Defendant's Motion (ECF No. 439) is **DENIED**.

3. **Plaintiffs' Motion for Leave to File Summary Judgment Motions on the Retail Exemption and Notice (ECF No. 453)—GRANTED-IN-PART as to leave to file a Summary Judgment on the Retail Exemption and DENIED-IN-PART as to leave to file a Summary Judgment on Notice**

Plaintiff seeks leave to file two late motions for summary judgment—one on the Retail Exemption, and one for Notice. ECF No. 453. On September 8, 2023, the Court granted Defendants leave to file a belated motion for summary judgment on the Retail Exemption, which Defendants refer to as the Commission Exemption. While Defendants complain that Plaintiffs waited several months to ask for leave, the Court finds that good cause exists to allow Plaintiff to file its countermotion on the same issues Defendants raised in their motion—the Retail Exemption. Such competing motions have the potential to resolve an issue before trial.

The Court does not find, however, that good cause exists to allow Plaintiff to file a motion on Notice. Defendants have not filed a motion on this issue, and Plaintiffs' reason for delay is inexcusable. Plaintiff claims that until the "Until the *Merritt* trial on notice and the Rule

50 motion, Plaintiffs here understood the Court's summary judgment that Agency Managers were employees to have mooted any issue on notice. That's because the summary judgment triggered Farm Bureau's duty to track their time and its failure to do so meant it had constructive knowledge of any overtime they'd worked." ECF No. 453 at 4. Plaintiffs also claim that "fundamentally, whether Farm Bureau had notice of overtime worked in a case where it violated its duty to track Plaintiffs' hours is a purely legal question." ECF No. 453 at 5. While Plaintiffs might disagree, the notice argument was not a surprise that appeared at the Rule 50 stage of the previous *Merritt* case, and it is not a surprise in this case. Neither is notice a purely legal issue that can be resolved at the summary judgment stage. Notice by actual or constructive knowledge was the issue that the jury needed to decide in the *Merritt* case. As such, there is no good cause for Plaintiffs' failure to timely file a summary judgment motion on notice, and any such motion would likely be unsuccessful. As such, Plaintiffs' request for leave to file a motion (ECF No. 453) is **GRANTED** as to the retail exemption and **DENIED** as to notice.

4. **Defendants' Motion for Final Summary Judgment Based on Commission Exemption (ECF No. 444)—DENIED—and Plaintiffs' Motion for Partial Summary Judgment on the Retail Exemption (ECF No. 488)—GRANTED**

This Court previously addressed these issues in the prior *Merritt* case between Defendants and another agency manager. *See Merritt v. Tex. Farm Bureau*, No. W-19-CV-00679-DTG, 2023 WL 3520322, at *5 (W.D. Tex. May 16, 2023). The reasoning in that opinion applies equally here and is incorporated herein by reference. Acknowledging the Court's prior decision, Defendants ask the Court to "revisit its analysis" arguing the cases the Court relied upon cases that predated the 2020 Department of Labor Rule. ECF No. 444 at 1-2; ECF No. 492 at 3 n. 7. The 2020 Rule withdrew the Department of Labor's Rule that contained non-exhaustive lists of establishments that (1) lacked a "retail concept" and could not rely on the Commission

Exemption, and (2) those that may be recognized as retail. The 2020 Rule eliminated the lists and permitted the evaluation that allowed establishments in "all industries" to qualify for the Commission Exemption. The cases cited in that Order however, before and after the 2020 Rule, change still require that the employment must be in a "retail or service establishment."

As this Court held in *Merritt*, Defendants do not satisfy the "retail concept" requirement. According to the regulations, an establishment must have a "retail concept." 29 C.F.R. § 779.316; *see also Brennan v. Great Am. Disc. & Credit Co., Inc*., 477 F.2d 292, 295 (5th Cir. 1973) (stating that a business must satisfy a "threshold 'retail concept' test...before the industry characterization of its sales can be considered"). Such an establishment typically sells "to the general public," "serves the everyday needs of the community," "is at the very end of the stream of distribution," disposes of its products "in small quantities," and "does not take part in the manufacturing process." 29 C.F.R. § 779.318(a). After reviewing the briefing, including Defendants' response filed just over two weeks ago, the Court is unable to ascertain any error of law or fact, any change in the caselaw, or any change in the facts that would warrant a different decision. The Court remains unpersuaded that Defendants have a retail concept, or that it is recognized as a retail or service establishment. As such, the Court **DENIES** Defendants' Motion (ECF No. 444) and **GRANTS** Plaintiffs' Motion (ECF No. 488).

5. **Defendants' Motion to Exclude Stuckwisch (ECF No. 357)—DENIED-IN-PART** as to estimates of hours worked and **GRANTED-IN-PART** as to overtime multiplier, which shall not be allowed to be presented to the jury but can be presented to the Court outside the presence of the jury

Defendants object to Plaintiffs' expert Stuckwisch's opinions about the hours worked by each Plaintiff. Plaintiffs' expert, Stuckwish, calculated the number of hours Plaintiffs worked by weighing Plaintiffs' self-reported hours and corroborating those hours based emails sent by the Plaintiffs. These data sources are relevant and reliable for determining number of hours worked.

Defendants' objections to the data are best addressed through cross examination and weighed by the factfinder in receiving the expert's testimony. Defendant does not offer a more reliable data source for number of hours worked. The acceptability of Plaintiffs' expert's method is further reinforced by the lower burden that FLSA Plaintiffs have for proving hours worked when the employer does not keep adequate time records. ECF No. 363 at 2 n.1 (citing *Clark v. Centene Co. of Texas, L.P.*, 104 F. Supp. 3d 813, 827 (W.D. Tex. 2015) ("Plainly, then, although the initial burden is on the employee, that burden is a minimal one. Where the employer has failed to keep adequate employment records, it pays for that failure at trial by bearing the lion's share of the proof.")). Defendants' Motion (ECF No. 357) is **DENIED** regarding Stuckwish's opinions related to the estimates of hours worked.

Defendants also object to Stuckwisch's overtime multiplier. Stuckwish's opinion used a 1.5 multiplier for calculating Plaintiffs overtime compensation. The parties agree that the appropriate overtime multiplier to apply is a question of law not fact. ECF No. 365 at 5 (reply) (citing ECF No. 363 (response)). Stuckwisch's opinion on the proper overtime multiplier is an improper legal conclusion and should not be presented to the jury. This portion of Defendants' Motion (ECF No. 357) is **GRANTED**.

### 6. Plaintiffs' Motion to Exclude Robert Manz (ECF No. 466)—GRANTED

Defendants designated Robert Manz as an expert to testify that Plaintiffs' tax returns prove they are independent contractors and not employees. ECF No. 466 at 1. The Court previously held that that Farm Bureau's Agency Managers are employees as a matter of law. *Ferguson v. Texas Farm Bureau*, No. 617CV00111ADAJCM, 2021 WL 2349340 at *2–8 (W.D. Tex. May 19, 2021), *report and recommendation adopted*, No. 6-17-CV-00111-ADA, 2021 WL 7906826 (W.D. Tex. June 22, 2021). Since Mr. Manz's testimony relates to a matter that has been fully

resolved and is not an issue for the jury, Mr. Manz's testimony would not be helpful and should be excluded. Plaintiffs' Motion to Exclude Robert Manz (ECF No. 466) is therefore **GRANTED**

### 7. Plaintiffs' Motion to Exclude Chuck Pearl (ECF No. 468)—GRANTED

Defendant's expert, Pearl, offers four opinions in support of the claim that Plaintiffs meet the salary-basis test delineated in 29 C.F.R. § 541.602. The four opinions are as follows: (1) Plaintiffs in this case, except Matthew Stanton were paid total compensation in excess of $100,000 per year; (2) Plaintiffs received in excess of $1,972.00 in compensation every month; (3) the vast majority of Plaintiffs' compensation was derived from renewal commissions; and (4) based on Defendants' premium retention rates, it was "effectively guaranteed" that Plaintiffs' income would not fall below $1,972.00 per month. ECF No. 468 at 2. Because this Court has ruled above that Plaintiffs' compensation scheme does not meet the salary-basis test as a matter of law, Pearl's testimony is entirely unnecessary and therefore unhelpful to the jury. Plaintiffs' Motion (ECF No. 468) is **GRANTED**.

### 8. Plaintiffs' Motion to Exclude Ernie Csiszar (ECF No. 469)—DENIED-IN PART and GRANTED-IN-PART.

Defendant's identified Csiszar as an expert on regulatory requirements and the employee or independent-contractor classification. Csiszar is an attorney and consultant representing corporate insurance companies. ECF No. 469 at 1-2. The Court is persuaded that Csiszar should not be permitted to testify on the propriety of FLSA classifications, as those are legal conclusions outside the province of the jury. *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009). As noted above, that classification has been decided as a matter of law by the Court.

Defendants argue, however, that there are two other areas about which Csiszar may properly testify. These include willfulness of Defendants' alleged FLSA violations, and the

Commission Exemption of Section 207(i) of the FLSA, which provides an exemption from overtime requirements for any commissioned employee. 29 U.S.C. § 207(i).

The Court finds that Csiszar can testify about the policies, procedures, and practices, and training conducted by Farm Bureau as compared to prevailing standards or best practices. *Dickson v. Bosworth Co., Ltd.*, No. 21-cv-9, 2022 WL 1523490, at *4–5 (W.D. Tex. May 13, 2022). Such testimony will not be excluded just because counsel might use it for arguments about willfulness or to determine the extent to which Ward received commissions. In that respect, the Defendants' Motion (ECF No. 469) is **DENIED-IN-PART**. Csiszar cannot, however, provide testimony or legal conclusions of willfulness. *Dickson*, 2022 WL 1523490, at *5. Csiszar will also not be allowed to opine on the Commission Exemption under FLSA, as such an explanation of the law is for the Court to provide and the Commission Exemption issue has been resolved as a matter of law. These portions of Csiszar's testimony is unhelpful. The Court therefore **GRANTS-IN-PART** the Defendants' Motion (ECF No. 469) as to that portion of Csiszar's testimony.

9. **Defendants' Motion to Exclude Denise Kay (ECF No. 465)—GRANTED-IN-PART, and DENIED-IN PART.**

The Court has issued a separate order GRANTING-IN-PART and DENYING-IN-PART Defendants' Motion to Exclude Denise Kay (ECF No. 465). That order is adopted herein by reference.

SIGNED this 21st day of August, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE