UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CHRISTOPHER FERGUSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>**Plaintiff,**<br><br>v.<br><br>TEXAS FARM BUREAU,  TEXAS FARM BUREAU BUSINESS CORPORATION,  TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY,  TEXAS FARM BUREAU UNDERWRITERS, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY,<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL NO. W-17-CV-00111-DTG |

## ORDER ON OBJECTIONS TO DEFENDANTS' AMENDED WITNESS LISTS

Before the Court are the objections to Defendants' Amended Witness Lists. Defendants filed its Second Amended Exhibit List as part of a supplemental Joint Pretrial Order in advance of the Pretrial Conference (ECF No. 502-2). At the Pretrial Conference held on August 19, 2024, Plaintiffs orally raised objections to what it argued were untimely disclosed witnesses.  The Court ordered the parties to meet-and-confer on the issue, and several witnesses were dropped. Defendants then filed a Third Amended Witness List omitting those witnesses (ECF No. 511). The Court heard arguments of counsel on the remaining objections after jury selection ended on August 22, 2024.  The Court issued an oral ruling explaining its reasoning for including and excluding the various witnesses. The Court now issues this Order to memorialize that ruling.

Plaintiffs' objections to the following witnesses are **OVERRULED**, as these witnesses were adequately disclosed in either initial (or amended) disclosures, responses to interrogatories, or because they submitted declarations in this Case:

- Will Boyde
- Ashley Girlinghouse
- Cade Taylor
- David Haynes
- Dylan Powell
- Dallas Hatton
- Nancy Sparks
- Denorah Torres

Plaintiff's remaining objections pertain to witnesses that were only disclosed during various depositions during the course of the case. Defendants argue that they complied with Rule 26 because the Advisory Committee Notes to the rule purports to suggest that disclosure is not required when the information is made known to the parties during the discovery process.

> The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . .

Fed. R. Civ. P. 26(e), Adv. Comm. Note, 1993 Amendment, ¶ 42. District Courts across the Country however have analyzed this note and come to the conclusion that "[t]he mere identification of a witness during discovery is insufficient to relieve a party of its duty to supplement its Rule 26(a)(1)(A) initial disclosures. Rather, the identification of the witness during discovery must have been sufficient to make clear not only that the witness existed and had information, but also that the party intended to use that witness to support its claims or defenses." *Diamond Resorts Intl., Inc. v. Aaronson*, No. 617CV1394ORL37DCI, 2019 WL 1974833, at *2 (M.D. Fla. Mar. 13, 2019). Defendants should not be permitted to call these witnesses to support their

claims or defenses.  Nonetheless, Rule 26 does not preclude Defendants from calling these witnesses for impeachment purposes.  *See* Fed. R. Civ. P. 26 (a)(3). Thus, Plaintiffs' objections are **SUSTAINED** as to the following witnesses, other than for impeachment purposes:

- Roger Havel
- Brenda Williams Aguilar
- Rich Rudisale
- Sabrina Baker
- Joan Day
- Brenda Martin
- Shannon Gannaway
- Mary Pearson

SIGNED this 30th day of August, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

3